[No. 6,325.—Department One.]

## WILLIAM L. URTON v. THOMAS PRICE.

SATISFACTION—TORT.—In action against two persons for damages, resulting from personal injury, the jury found that the plaintiff had received satisfaction for the injury alleged in the complaint from one of the defendants. *Held*, that he could not recover from the other defendant.

APPEAL from an order denying a new trial, in the Fourth District Court, City and County of San Francisco.

*Stetson & Houghton*, for Appellant.

In the absence of a release to Price, he can only be discharged by satisfaction; and there is no evidence that any money was paid in satisfaction, and the release does not purport to be given in consideration of satisfaction. (*Lovejoy* v. *Murray*, 3 Wall. 1–17.)

*G. F. & W. H. Sharp*, for Respondent.

A single tort cannot be split in two, and appellant having received recompense and satisfaction from the Mechanics' Institute for the act itself as *one act*, his cause of action is discharged. (Addison on Torts, pp. 1153, 1156, 1158–1162.)

A release to one joint tort feasor releases all. (*Turner* v. *Hitchcock*, 20 Iowa, 310; *McGehee* v. *Shafer*, 15 Tex. 198: Cooley on Torts, p. 139.)

McKINSTRY, J.:

The action was originally brought against the defendant Price to recover damages received by plaintiff by reason of the negligent manner in which the defendant conducted an experiment in chemistry, in the course of a public lecture, at which plaintiff was lawfully present (the defendant Price attempting to pass a current of oxygen gas over or through "napthaline"), which resulted in an explosion and the shattering of a glass receiver, by means whereof plaintiff's eye was injured and its sight destroyed.

After defendant Price had answered, plaintiff obtained leave of the Court to amend his complaint, by making the "Mechanics' Institute" a party defendant, and charging the injury to have been done through the negligence of the Institute. Price

and the Mechanics' Institute answered the amended complaint on the 18th of July, 1872, and April 14th, 1876, the plaintiff filed a stipulation and direction.

"The above-entitled cause has been settled, and is hereby discontinued and dismissed as to the Mechanics' Institute of the city of San Francisco; and the clerk of said Court is hereby directed to enter a dismissal thereof of record." This was followed April 17th, 1876, by a judgment dismissing the action as against the Mechanics' Institute.

The next day, defendant Price filed an amended answer, to the effect, "that, after committing the supposed grievances alleged in said complaint, and after the commencement of this action, to wit, on the 12th day of April, 1876, the defendant, the Mechanics' Institute, delivered to the plaintiff, and the plaintiff accepted and received from the defendant, the Mechanics' Institute, the sum of five hundred dollars, gold coin of the United States, in full satisfaction and discharge of the damages and cause of action alleged in said complaint."

The bill of exceptions shows the following release:

"Know all men by these presents, that I, William L. Urton, of Sonoma County, California, for and in consideration of the sum of five hundred dollars ($500), in gold coin of the United States of America, to me in hand paid by the Mechanics' Institute, a corporation having its principal place of business in San Francisco, State aforesaid, have remised, released, and forever discharged, and by these presents do for myself, my heirs, executors, and administrators, remise, release, and forever discharge, the said Mechanics' Institute, a corporation, and each of its officers and members, their heirs, executors, and administrators, of and from all manner of actions and cause of actions, suits, debts, dues, sums of money, accounts, controversies, variances, trespasses, damages, claims, and demands whatsoever, in law or in equity, which against the said Mechanics' Institute, a corporation, or any of its officers or members, I ever had or now have, or which I, or my heirs, executors, or administrators hereafter can, shall, or may have, for, upon, or by reason of any matter, thing, or cause whatsoever, from the beginning of the world to the date of these presents, and particularly of and from all demands or claims of every nature arising from personal injuries

to me, or for which I brought suit No. 16,340, in the District Court of the Fourth Judicial District of the State of California, in and for the city and county of San Francisco, by complaint filed November 8th, 1870, and amended complaint filed August 24th, 1871.

"In witness whereof, I have hereunto set my hand and seal, this thirteenth day of April, A. D. one thousand eight hundred and seventy-six.          W. L. URTON."

The jury found a special verdict. Among other facts found were : "The plaintiff *received satisfaction for the injury alleged in the complaint* from the defendant, the Mechanics' Institute. * * * The plaintiff received damages in the sum of five hundred dollars." The evidence shows that five hundred dollars was in fact paid to plaintiff by the Mechanics' Institute.

It will be seen that five hundred dollars was paid for a release of all suits, damages, etc., claims and demands, etc., from the beginning of the world, "and particularly of and from all demands and claims * * * arising from personal injuries to me, *or for which I brought suit No.* 16,340, in the District Court of the Fourth Judicial District of the State of California, by *complaint filed November* 8th, 1870, and amended complaint filed August 24th, 1871." The complaint of November 8th, 1870 (the original in this action), was filed some nine months before the Mechanics' Institute was made a party defendant.

We entertain little doubt that the transaction was intended to constitute a satisfaction for all the injuries received by plaintiff. Whether so or not, the plaintiff, as appears from the finding of the jury and the release, has been fully compensated by the payment of a sum equal to all the damages he has suffered. He cannot recover more from any one. "It is to be observed," says Dr. Cooley in his work on the Law of Torts, p. 139, "when the bar accrues in favor of some of the wrong-doers by reason of what has been received from or done in respect to one or more others, that the bar arises not from any particular form that the proceeding assumes, but from the fact that the injured party has *actually received satisfaction,* or what in law is deemed the equivalent." (See cases cited by Judge Cooley.)

Order affirmed.

ROSS, J., and McKEE, J., concurred.