[No. 8,509.   Department One.—November 28, 1884.]

MARY M. TOMPKINS, Respondent, *v.* CLAY STREET R. R. CO., Appellant.

CARRIERS OF PASSENGERS— COLLISION — PARTIES.—When a collision of two street cars is occasioned by the negligence of the managers of both vehicles, a passenger upon either car who is injured by the collision may recover damages against the proprietor of either or both. Where both proprietors are sued, the plaintiff may dismiss as to either, and if it turn out at the trial that one proprietor was not guilty of negligence, he may, on sufficient evidence, take a verdict against the other.

66  163
98  199

66  163
110  619

66  163
113  427

66  163
126  218

66  163
133  113

66  163
134  551

66  163
e137  282

ID.—NEGLIGENCE—PRESUMPTION.—In an action by a passenger against two carriers of passengers, for damages caused by a collision, no presumption of negligence arises from the mere fact of the injury, as against the proprietor of the vehicle not occupied by the plaintiff.

ID.—RELEASE OF ONE CARRIER—ESTOPPEL.—When a passenger injured by a collision brings an action against the proprietors of both vehicles, a release of one of the defendants, who was a party in fault, in consideration of a sum of money paid to the plaintiff, operates as a release of both of the defendants. The plaintiff is estopped from asserting that the party to whom the release was given was not in fault, and not liable for the injury.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*Estee & Boalt*, for Appellant.

*Garber & Thornton*, and *F. A. Berlin*, for Respondent.

McKINSTRY, J.—A car of the Clay Street Hill Company collided with a car of the Sutter Street Railroad Company, at the crossing of Clay and Polk Streets, San Francisco. Plaintiff, a passenger in the car of the latter company, was thrown from her seat and injured. The complaint charges neglect on the part of both companies. Plaintiff recovered damages of the Clay Street Company, and the appeal is by that company.

In Pennsylvania, it seems to have been held that when a passenger on a carrier vehicle is injured by a collision resulting from the mutual negligence of those in charge of it and another party, the carrier alone must answer for the injury. (*Lockhart* v. *Lichtenthaler*, 10 Wright, 151; *Phila. and R. Railroad Company* v. *Boyer*, 97 Pa. St. 100.) But the weight of authority is otherwise, and is to the effect that, if the negligence of the managers of both vehicles contributes to the injury, the party injured may recover from the proprietors of either or both. (Wharton, Law of Negligence, 395, and cases cited.) Where both are sued, the plaintiff may ordinarily dismiss as to either; and, if it turn out at the trial that one was not guilty of negligence, he may, on sufficient evidence, take a verdict against the other.

The court below charged the jury: "In civil cases (and this is a civil case), the affirmative of the issue must be proved; and

when the evidence is contradictory, your decision must be made according to the preponderance of the evidence." But the court refused to charge, at the request of defendant, the Clay Street Hill Railroad Company: "If you find from the evidence that the plaintiff was a passenger·on the street car of the defendant, the Sutter Street Railroad Company, then I instruct you that no presumption of negligence, as against the Clay Street Hill Railroad Company, arises from the fact of the injury, and that the plaintiff must show, by a preponderance of the testimony, that the defendant, the Clay Street Railroad Company, was guilty of negligence."

The appellant was entitled to have the attention of the jury called to the point, that, in considering the evidence, the mere circumstance that plaintiff had been injured as a result of the collision did not create a presumption of negligence on appellant's part. The general charge, to the effect that the plaintiff must make out her own case by a preponderance of evidence, was not the equivalent of the specific instruction requested.

The defendant, the Clay Street Railroad Company, also asked the court to charge:

"2. You are instructed that if you find from the evidence that the plaintiff has received from the Sutter Street Railroad Company, one of the defendants in this action, compensation for the injuries alleged in the complaint, your verdict must be for the defendant.

"3. The Sutter Street Railroad Company is joined as a defendant in this action with the Clay Street Hill Railroad Company. The plaintiff, by her complaint, alleges a joint injury, and asks for a joint judgment against the two defendants. The defendant, Clay Street Hill Railroad Company, by its supplemental answer, avers that plaintiff has released and discharged the Sutter Street Railroad Company. If you find from the evidence that the plaintiff has received any sum of money whatever from the defendant, Sutter Street Railroad Company, as compensation for the injuries received by her, and has released and discharged the defendant, the Sutter Street Railroad Company, from all claim for damages arising out of this action, then you are instructed to bring in your verdict for the defendant, the Clay Street Hill Railroad Company."

To the refusal to give the instructions asked, the said defendant excepted.

If both defendants were guilty of negligence, it seems to be conceded by respondent, the requested instructions, or one of them, properly declared the law ; and such was the view of the court below.    The learned judge charged the jury :

"If you find from the evidence, that both defendants are jointly in fault for the plaintiff's injuries, you will find a verdict for the defendant, because the payment by the Sutter Street Railroad Company operates as a release to both defendants.    If, however, you find that only the Clay Street Hill Railroad Company was in fault, you will find a verdict for the plaintiff against that defendant, and assess the damages.

"You are instructed, that, if you find, from the evidence, that the plaintiff has received from the Sutter Street Railroad Company, one of the defendants in this action, compensation for the injuries alleged in the complaint, your verdict must be for the defendants, unless you find that the defendant who paid the money was innocent of fault as to the tort."

Every party contributing to the injuries of plaintiff was liable to the full extent of the damages by her sustained.    Her injuries gave her but a single cause of action.    If she had brought a separate action against the Sutter Street Company, and recovered a judgment therein, and such judgment had been satisfied, she could not subsequently have maintained another action for the same injuries against the Clay Street Company, inasmuch as the conclusive presumption would be that she had already received full compensation for all damages by her sustained.    Damages resulting from the same wrongful transaction are ordinarily inseparable ; she could not recover part from one and part from the other defendant.

And so, if her damages resulted directly from the negligence of both defendants, and plaintiff received from the Sutter Street Company compensation for her injuries, and released that company, she ought not to have recovered a judgment against the Clay Street Company.    As was said in *Urton* v. *Price:* "It is to be observed, when the bar accrues in favor of some of the wrongdoers, by reason of what has been received from or done in respect to one or more of the others, that the bar arises not

from any particular form that the proceeding assumes, but from the fact that the injured party has actually received satisfaction, or what in law is deemed the equivalent." (7 Pac. C. L. J. 82; 57 Cal. 272.)    And Judge Cooley, from whose book on the Law of Torts the foregoing observation is taken, adds: " Therefore, if he receives the satisfaction voluntarily made by one, that is a bar as to all."    (p. 139.)

It is urged by counsel for appellee that the rule only applies where the money is paid by, or the release executed to, one who is himself actually guilty of the wrong or negligence.    If it be conceded that a release to, or receipt of money in alleged satisfaction from, one not himself a trespasser, will not discharge those actually guilty, the question still remains: Can the plaintiff, under the circumstances, be permitted to deny that the Sutter Street Railroad Company was guilty of negligence directly contributing to the injuries by her received?    Reading the release and stipulation in the record, it is plain the $550 was paid in settlement of the action pending, in so far as the cause of action alleged constituted a claim against the Sutter Street Company.

The compromise of an asserted claim does not necessarily involve an admission on the part of him against whom the claim is asserted, that the claim is well founded.    But one who, having commenced an action against another, has received money in consideration that the action shall be dismissed, or that any judgment he may recover shall not be enforced, ought not to be permitted to deny that he received the money in satisfaction of a valid demand.    The defendant paying the money may subsequently say: " I did not, and do not, admit that I ought to have paid anything; I was willing to buy my peace."    But the other party ought not to be allowed to deny that he had any right to the money, the payment of which he had induced under pain of the prosecution of an action already commenced. He should not be permitted to say with any beneficial result to himself, " I pursued the defendant *falso clamore,* and I took his money by way of settlement of a pending action in which I never could have recovered."    Shall it be said that plaintiff has not received compensation for the injuries she sustained, because she did not choose affirmatively to prove that the negli-

gence of the party from whom she received the money contributed to the injuries?

The plaintiff must be held to have received from the Sutter Street Company satisfaction for the very same injuries for which she obtained a judgment against the appellant.

In *Turner* v. *Hitchcock*, 20 Iowa, 314, the notice by the plaintiff to one of the defendants was not a technical release, and there was no evidence that it was given upon or for a consideration. It was at most a mere promise, without consideration, not to prosecute the action against the particular defendant, so that if he had been admittedly a co-trespasser with the other defendants, the notice would not have released the others. It has been well settled, that a covenant not to sue is not such a *release* as will discharge the co-trespassers. The remark of the learned judge, "nor do we think, as argued by appellee, that plaintiff having sued Johnson as a joint trespasser, was estopped, etc.," was not necessary to the decision; and while the suggestion may have been made by counsel for appellee in oral argument, the whole question as to a discharge of defendants by reason of the notice seems not to have been considered worthy of a place in their *points*, as printed in the report of the case. Under the circumstances, we think the remark referred to is not to be accorded the weight of a deliberate judgment upon the question involved in a legal controversy.

Judgment and order reversed, and cause remanded for a new trial.

McKee, J., and Ross, J., concurred.