[No. 3871. Decided April 25, 1902.]

FRANK ABB, *Respondent,* v. NORTHERN PACIFIC RAILWAY COMPANY, *Appellant.*

JOINT TORT FEASORS — RELEASE OF ONE — EFFECT. ·

The acceptance of a sum of money from one joint tort feasor in satisfaction of a claim for damages, and the execution of a release and discharge of such joint tort feasor from all damages by reason of the injuries inflicted, operates as a release of the other joint tort feasor, though the parties to the agreement may stipulate that the release of one shall not discharge the other.

Appeal from Superior Court, King County.—Hon. ·ORANGE JACOBS, Judge. Reversed.

*B. S. Grosscup* and *James F. McElroy,* for appellant.

*Hastings & Stedman,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—This is an action to recover for personal injuries received by respondent in a collision which occurred in the city of Seattle between an outgoing passenger train of appellant and a street car of the Grant Street Electric Railway Company at a crossing of the two rail-

ways.   Respondent was a passenger upon the street car,. and alleges that his injuries were occasioned by the joint carelessness of the persons operating the street car and those operating the railway train.   The action was brought against the appellant only.   A trial was had before a jury,. resulting in a verdict for respondent in the sum of $1,000. A motion for new trial interposed by appellant was denied,. and judgment entered against appellant for $1,000 and costs.   From said judgment this appeal was taken.

The answer affirmatively alleged that after the collision aforesaid occurred, for and in consideration of the sum of $300, then paid to him by the said Grant Street Electric Railway Company, and a pass delivered to him over its street railway for the period of one year, the respondent did then and there agree with the said street railway company to release, and did fully, finally, and forever release and discharge, the said street railway company and the appellant from any and all damage and claim of damage done to his person or property, and from any and all claims whatsoever growing out of said collision; which said agreement was in words and figures as follows, to-wit:

"For and in consideration of the sum of three hundred dollars ($300.00) in hand paid, and a pass over the Grant Street Electric Railway for the period of one year, I, the undersigned, do hereby release and discharge the Grant Street Electric Railway Company from any and all damages done to me in my person or property in the late collision between a car of the Grant Street Electric Railway Company and a train of the Northern Pacific Railroad Company.   This agreement is not to be taken or considered as a release of any damages which the undersigned may have against the Northern Pacific Railroad Company."

It is further alleged that by reason of said agreement the appellant is fully released and discharged from all lia-

bility in the premises, and that respondent is estopped from maintaining this action. The reply admits the receipt by respondent of $300 and a pass for one year from the street railway company, and also admits that respondent executed the release set out in the answer, and delivered the same to said street railway company; alleges that said payment and said pass were given to respondent in partial satisfaction, only, of his damages suffered in said collision, as was understood by said street railway company and respondent at the time; and that it was not the intention on the part of either respondent or said street railway company to in any manner release or discharge respondent's cause of action or to surrender any claim for damages that he might have against appellant. Under the issue made by the pleadings concerning said payment and release, we are called upon to determine the effect thereof upon the status of appellant in this action. The trial court construed the written release in its legal effect to be a mere covenant on the part of respondent not to sue the street railway company in consideration of the payment of $300 and the issuance to him of a pass for one year, and instructed the jury that it was not a full bar to the action against appellant, but that they should deduct the amount so paid from what they should find the whole damage to be, if they found such whole damage to be greater than the amount paid, and should return a verdict for the balance. It is evident from the pleadings that but one wrong was committed, and that was the joint wrong of the street railway company and the appellant. The two companies jointly committed the tort from which the injuries arose, and there can be no question but that said release and payment fully released and discharged the street railway company, one of the joint wrongdoers, from responding to any further demand for damages. In whatever light

the release be viewed, whether as a mere covenant not to
sue the street railway company, or as an absolute discharge
thereof, there can be no doubt that it could be pleaded in
full bar of any action against the street railway company
for further damages.   It is, and has long been, a gener-
ally recognized rule that there is no line of separation be-
tween the liability of joint tort feasors.   The tort is a
thing integral and indivisible, and any claim for injuries
arising therefrom runs through and embraces every part
of the tort.   The liability of one cannot be carried into any
portion of the joint tort that is not followed by an equal
liability of the other tort feasors.   Each is liable for the
whole, and the injured party may pursue one separately,
or he may pursue all jointly, or any number jointly less
than the whole number.   This principle is discussed in
*Doremus v. Root,* 23 Wash. 710 (63 Pac. 572, 54 L. R. A.
649), and *Birkel v. Chandler,* 26 Wash. 241 (66 Pac.
406).   But while they may be thus pursued separately
or jointly, yet there can be but one satisfaction.

"In a joint trespass or tort each is considered as sanc-
tioning the acts of all the others, thereby making them his
own.   Each is therefore liable for the whole damage, as
occasioned by himself, and it may be recovered by a suit
against him alone.   There can be no separate estimate of
the injury committed by each, and a recovery accordingly.
The difficulty in maintaining the suit against the others is
that the law considers that the one who has paid for the
injury occasioned by him, and has been discharged, com-
mitted the whole trespass and occasioned the whole injury,
and that he has therefore satisfied the plaintiff for the
whole injury which he received." *Gilpatrick v. Hunter,*
24 Me. 18 (41 Am. Dec. 370, 371.)

In *Seither v. Philadelphia Traction Co.,* 125 Pa. St.
397 (17 Atl. 338, 4 L. R. A. 54, 11 Am. St. Rep. 905),
one who was injured by a collision between two cars of

different companies accepted a certain sum in full of all claim for the injuries against one of the companies, and executed a release in which he agreed to prosecute the other company, and reimburse the first out of the amount recovered. The release was held to be a bar to an action for the same injuries against the other company. The opinion says:

"The court below held very properly that this agreement and release was a bar to a recovery in this action. The plaintiff had received one satisfaction, he was not entitled to a second."

In *Turner v. Hitchcock*, 20 Iowa, 310, 317, 318, Mr. Justice DILLON, in a well-considered opinion, says upon this subject:

"It is also an undisputed principle of the common law that, as a general rule, the release of one joint wrongdoer releases all. The rule and the reason for it are thus stated in a work of high authority: 'If divers commit a trespass, though this be joint or several, at the election of him to whom the wrong is done, yet if he releases to one of them, all are discharged, because his own deed shall be taken most strongly against himself.' Also (which seems to be the better reason) such release is a satisfaction in law which is equal to a satisfaction in fact. Bacon's Abr. tit. 'Release,' B.   .   .   .   'The reason of the rule' that the release of one is the release of all 'seems,' says BRONSON, J., with his accustomed clearness and force ([*Bronson v. Fitzhugh*], 1 Hill, 185, *supra*), 'to be that the release being taken most strongly against the releasor is conclusive evidence that he has been satisfied for the wrong; and after satisfaction, although it moved from only one of the tort feasors, no foundation remains for an action against any one. A sufficient atonement having been made for the trespass, the whole matter is at an end. It is as though the wrong had never been done.' "

In *Denver & R. G. R. R. Co. v. Sullivan*, 21 Colo. 302 (41 Pac. 501), it was held that, where two railroad com-

panies were jointly liable for injury to a person, a release by such person of his right of action against one of the companies also released the other. The following cases are also directly to the same point, and strongly support the same rule: *Tompkins v. Clay Street R. R. Co.*, 66 Cal. 163 (4 Pac. 1165) ; *Goss v. Ellison,* 136 Mass. 503; *Donaldson v. Carmichael,* 102 Ga. 40 (29 S. E. 135).

It is urged that the release in the case at bar amounts to no more than an acknowledgment of partial satisfaction of the entire demand, and that this is made clear by the reservation of a right to make further demand of appellant, which appears at the conclusion of the written instrument set out above; in other words, it is insisted that the parties to that agreement did not intend it to be a release of appellant. As we have seen, however, they did intend it to be a release of appellant's joint tort feasor. Respondent's counsel frankly concede that there is conflict of authority upon this subject, but insist that the construction placed upon the release in question by the superior court is the reasonable one in order to give effect to the intention of the parties. The following cases, however, not only support those already cited, but further hold that in an action to recover for a joint tort, if the plaintiff shall receive money in satisfaction of the wrong done him by one party, it is a satisfaction as to all, and they are thereby discharged of all liability to plaintiff, whether the parties to the release agreement intended it to so operate or not. See *Brown v. Kencheloe,* 3 Cold. 192; *Ellis v. Bitzer,* 2 Ohio, 89 (15 Am. Dec. 534) ; *Ayer v. Ashmead,* 31 Conn. 447 (83 Am. Dec. 154); *Mitchell v. Allen,* 25 Hun, 543; *Gunther v. Lee,* 45 Md. 60 (24 Am. Rep. 504). In the cases last cited there were reservations to the effect that, notwithstanding the release of one, others who were jointly liable should not be thereby released; but in each instance it was

28—28 WASH.

held that the release of one operated in law to release all. Referring to a release with such a reservation, the opinion in *Ellis v. Bitzer*, 2 Ohio, at page 93, makes the following observation:

"It can make no difference that it was part of the agreement between the plaintiff's agent and Williams and Adkins that the giving and receiving the note mentioned in the pleas was not to be a satisfaction for the other trespassers. Each joint trespasser being liable to the extent of the injury done by all, it follows as a necessary consequence that satisfaction made by one for his liability operates as a satisfaction for the whole trespass, and a discharge of all concerned. Williams and Adkins could make no agreement impairing the legal rights of the defendants, nor cede to the plaintiff the privilege these defendants had of availing themselves of any matter forming a legal defense to this action. The accord and satisfaction mentioned in the third plea operated in law as a discharge of these defendants from liability for the injury complained of by the plaintiff, and it was not in the power of other persons to deprive them, by any agreement of theirs, of the benefit of this legal discharge."

In *Gunther v. Lee, supra*, the release was under seal, and it was held that the proviso in the release by which the right to recover for the same injury against others was attempted to be preserved was void, as being repugnant to the legal effect and operation of the release itself. It is generally held that a release under seal given to one shall have the effect to discharge all, whether the release shows upon its face a payment in satisfaction or not, the reason for the rule being that the solemnity of the seal imports a consideration and satisfaction. The release in the case at bar, however, shows upon its face a payment and satisfaction. Moreover, by statute in this state, the use of private seals is abolished, and it is provided that "the addition of a private seal to any such instrument or contract in

writing hereafter made shall not affect its validity or legality in any respect." § 4523, Bal. Code.

We will now refer to cases cited by respondent. In *Chamberlin v. Murphy*, 41 Vt. 110, a release was pleaded which had been given one of the joint tort feasors pending an action for the tort. The release acknowledged payment of $65 "in settlement so far as said Simonds' estate is concerned, only, of a suit in favor of Mary E. Gray and her husband against said Simonds, and not in settlement of the cause of action for which said suit was brought; and she reserves the right to prosecute any other parties to said trespass, and this settlement is not to affect the same. The suit now pending against said Simonds is to be entered discontinued without costs to either party." It will be observed that the writing expressly stated that it was in settlement of that suit, but not of the cause of action for which the suit was brought. The consideration was that the particular suit then pending was to be simply discontinued as to the one party, but the right to pursue the cause of action was expressly retained. The court held the legal effect of the instrument to be not a release of the cause of action, but simply a covenant not to sue the one party, and that it was, therefore, not a discharge and satisfaction. By way of distinguishing that case it will be observed that nothing was said about releasing and discharging from anv and all claims for damages, as was done in the case at bar; that it was only in settlement of the suit then pending, and, as the court observed, was "not in settlement of the cause of action." In *Sloan v. Herrick*, 49 Vt. 327, a suit against one joint tort feasor was discontinued without costs, but no satisfaction for the tort was received. It was held to be no bar to an action against the other, for the reason that, no satisfaction having been made, the plaintiff could pursue either until satisfaction

was received. In *Duck v. Mayeu,* [1892], 2 Q. B. 511, a receipt was given to one for the payment of a certain sum, with the reservation that it was without prejudice to the claim against another. It was held that, as it appeared the parties did not intend it for a release, the effect was that it became a covenant not to sue, and was not a release. The above—an English case—would seem to support respondent's contention that the instrument · under discussion in the case at bar is not a ¬elease, but is a covenant not to sue. The case of *Ellis v. Esson,* 50 Wis. 138 (6 N. W. 518, 36 Am. Rep. 830), upon first reading appears to support respondent's contention; but upon careful reading it will be observed that the damages sought were for the wrongful cutting and removal of timber. One of the wrongdoers had paid $200 in consideration of an agreement not to sue him. This was held not to be a bar to an action against the other for the amount of actual damage unpaid, on the theory that the damage was of such a character that the full amount was easily ascertainable by direct and positive proof, and was not dependent upon mere opinion evidence. But, as indicative of the views of the court when applied generally to the release of one joint tort feasor, the concluding paragraph of the opinion states the following:

"Notwithstanding any general remarks found in this opinion, it will be understood that the decision of the court goes no further than holding that the facts of this case do not show a release of the defendants from liability for damages, and that the majority of the members of the court do not now decide that a similar agreement made with one of two or more joint trespassers in an action for an assault and battery, false imprisonment, or similar actions, in which the damages rest mainly in estimation and opinion, would not be a bar to an action against the others."

In *Snow v. Chandler*, 10 N. H. 92 (34 Am. Dec. 140), one party paid $20, with the understanding that, if the claimant should at any time in the future decide to pursue the joint trespasser, he might do so upon refunding the sum so paid. The sum was not refunded, and action was brought against the other. It was held that the understanding amounted only to a covenant not to sue the one making the payment, and that it was not a release of the other. The case of *Bloss v. Plymale*, 3 W. Va. 393 (100 Am. Dec. 752), holds that a paper not under seal, delivered to one joint trespasser, which shows upon its face that it was not the intention to satisfy and discharge the liability of the other, will not work a discharge of the other. The paper relied upon as evidence of a release in that case was as follows:

"Received of John Jarrell, Jr., seventy-five dollars, it being in full of all dues, debts, and demands up to this date."

The court held that an absolute release of one joint trespasser discharges all the rest who participated, but that such release as a discharge for all that has been given to one only must be a technical release under seal, expressly stating the cause of action to be discharged without conditions or exceptions, and no release will be allowed by implication; and also held that the paper in question did not constitute a release within the rule declared. *Lovejoy v. Murray*, 3 Wall. 1, holds that a judgment against a joint trespasser is not a bar to an action against another joint trespasser unless the judgment is satisfied; that nothing short of satisfaction or its equivalent will amount to a good plea in bar.

Other cases cited by respondent relate to contractual obligations, and we think the above a fair review of the authorities cited bearing directly upon the principle under

discussion here. It will thus be seen that there is some conflict in authority, but we believe it is manifest from the foregoing that the decided weight of authority in this country is to the effect that such a release as is shown in this case operates to discharge all who participate in a joint tort. It is true it has been held, and doubtless correctly, that a mere agreement not to sue one is not a release of the others; but, when an injured party makes an estimate of the amount of damages he is willing to receive from one, and accepts such sum with the agreement that it shall fully release and discharge the one making the payment, we think it is more than a mere agreement not to sue. It is a release of his cause of action in consideration of a satisfaction, and there is scarcely any dispute among the authorities that, where there is an absolute release of one, it operates to release all tort feasors who participated in the same act.

Viewing the agreement and release as we do, it becomes necessary to reverse this case, and, since the construction to be placed upon the release lies at the foundation of any right of recovery under the issues, it is therefore unnecessary to grant a new trial. The judgment is therefore reversed and the cause remanded with instructions to the lower court to dismiss the action.

REAVIS, C. J., and FULLERTON, WHITE, ANDERS and MOUNT, JJ., concur.