[Civ. No. 1022. First Appellate District.—July 10, 1912.]

ANN FLYNN, Appellant, v. MARSDEN MANSON et al., Defendants; MICHAEL CASEY et al., Respondents.

ACTION FOR JOINT TORT—GENERAL RULE—RELEASE OF ONE DEFENDANT A RELEASE OF ALL—SINGLE CAUSE OF ACTION EXTINGUISHED.—It is a well-settled general rule of law that, in an action *ex delicto* against several wrongdoers charged with the commission of a joint tort, the release of one of the joint defendants is the release of all, on the ground that the injuries sustained from the joint tort are inseparable, and give but a single cause of action, the satisfaction of which by one of the joint tort-feasors extinguishes the single cause of action as to all of them.

ID.—EFFECT OF RESERVATION OF CLAIM AGAINST OTHER TORT-FEASORS UPON RELEASE OF ONE.—Though the authorities are conflicting as to whether, upon the release of one of several joint tort-feasors, an express reservation can be made of the cause of action as to other joint tort-feasors made codefendants, yet it appears by the weight of authority, as well as on principle, that such reservation is wholly ineffective, and that the other joint tort-feasors made codefendants may plead such release of one joint tort-feasor as a release of all, notwithstanding such reservation, and irrespective of the intention of the parties to the release. Such reservation is simply void, as being repugnant to the legal effect and operation of the release itself.

ID.—AMOUNT OF PAYMENT BY ONE TORT-FEASOR IMMATERIAL—COMPENSATION FOR ALLEGED INJURIES—UNLIQUIDATED DEMAND.—There can be but one compensation in an action *ex delicto;* and it matters not whether the amount of the payment made by one joint tort-feasor in such an action was in a small or a large amount, but the pay-

ment of any sum, however small, in consideration of a release as
to him, operates as compensation of the unliquidated demand for
the alleged injuries as to all joint tort-feasors, and is in law a sat-
isfaction of the claim against them all.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Charles F. Hanlon, for Appellant.

Lloyd S. Ackerman, for United States Fidelity & Guaranty
Company, Respondent.

Charles L. Brown, and Charles Baer, for Empire State
Surety Company, Respondent.

John B. Gartland, for Michael Casey, Respondent.

Knight & Heggerty, for A. Van der Naillen, Jr., Respond-
ent.

KERRIGAN, J.—This is an appeal from the judgment.

According to the allegations of the complaint, the plaintiff
was injured by the wrongful act of the defendants.   In con-
sideration of the sum of $250 the plaintiff released one of
the defendants, reserving the right to proceed against the
remaining defendants.   A judgment of dismissal was entered
in favor of the defendant thus released.   When the cause
came up for trial the court granted a motion to dismiss the
action as to the remaining defendants, holding that the re-
lease of one of a number of joint tort-feasors was a discharge
of all, notwithstanding the stipulation in the instrument of
release to the contrary.

The facts of the case, and the decisions in this state appli-
cable thereto, are set forth in an opinion prepared and filed
by the learned judge of the trial court.   As our consideration
of the case leads us to the same conclusions as set forth very
clearly in that opinion, we cannot do better than quote it in
its entirety:

"This is an action *ex delicto* brought by plaintiff against
the defendant Marsden Manson, Michael Casey and A. Van

der Naillen and other former members of the Board of Public Works, to recover damages alleged to have been sustained by plaintiff in consequence of the neglect of the defendants to maintain a sufficient sidewalk, in consequence of which the plaintiff was injured, and to recover damages for which injury this action was brought. Issue was joined therein, and on the twenty-seventh day of September, 1909, the defendant Marsden Manson, in consideration of the payment of the sum of $250, secured from the plaintiff a release discharging him, said Marsden Manson, from any further liability in the premises. Thereafter in accordance with the terms of said release, a dismissal of the action was duly made and filed by plaintiff's attorney, and a judgment dismissing said Manson and his cosureties was thereupon duly entered.

"The instrument of release recited that in consideration of the above amount the plaintiff forever released said Manson 'from all claims and causes of action' set forth in the complaint herein. It, however, contained a provision to the effect that, in executing said release, it was not the intention of plaintiff that it should operate as a release of the liability of Manson's codefendants, or either of them, but, on the contrary, 'it is the plaintiff's intention that the cause of action . . . against said defendants Casey and Van der Naillen . . . shall exist and continue with the same force and effect as if this release had never been made.' The release in question was set up by supplemental plea on behalf of the defendants Casey and Van der Naillen, and a motion was thereupon made by the last-named defendants for a dismissal of the action as to them, upon the ground that the release of either codefendant was a release of all the defendants herein.

"It has long been a well-settled rule of law that in an action against several wrongdoers charged with the commission of a joint tort, the release of one is the release of all; but whether the far-reaching effects of such release can be modified or overcome by any reservation in the release similar to the one mentioned herein is a question upon which the authorities are undoubtedly conflicting, and the point has never been directly decided in this state.

"In *Urton* v. *Price,* 57 Cal. 272, an action against two tortfeasors, the plaintiff executed a release to one of them 'from all demands arising from personal injuries to me for which

I brought suit,' and the court found that the release evidenced an intention to constitute a satisfaction for the injuries complained of.

"In the Tompkins case, 66 Cal. 166, [4 Pac. 1165], which was an action against two railroad companies to recover damages for injuries sustained by a passenger upon the car of one of said companies, it appeared that the plaintiff executed a release of one of the defendants, and the court held that thereby both of the defendants were released. In the course of its opinion the court says: 'Every party contributing to the injuries was liable to the full extent of the damages by her [the plaintiff] sustained. Her injuries gave her but a single cause of action; . . . damages resulting from the same wrongful transaction are ordinarily inseparable; she could not recover part from one and part from the other defendant.'

"Quoting with approval the following language of the court in an opinion in *Urton* v. *Price:* 'The bar accrues in favor of some of the wrongdoers by reason of what has been received from . . . one or more of the others; the bar arises from the fact that the injured party has actually received satisfaction, or what in law is deemed the equivalent.'

"In the Chetwood case, 113 Cal. 414, [45 Pac. 704], an action in its nature *ex delicto* was commenced against a number of defendants, three of whom constituted the executive committee of the corporation defendant. Subsequently the plaintiff released two of the defendants last named upon the payment by them to him of the sum of $27,500, and thereafter caused formal judgment of dismissal of the action as to them to be entered. Judgment had been rendered against three defendants last named for a sum of money in excess of $190,000, and it was held that the release of two of the defendants operated to release the third. 'While plaintiff may sue one or all of the joint tort-feasors, he can have but one satisfaction. Once paid for the injury he has suffered by any one of the joint tort-feasors his right to proceed further is at an end. Where several joint tort-feasors have been sued in a single action, a *retraxit* of the cause of action in favor of one of them operates to release them all. By his withdrawal plaintiff announced that he has received satisfaction for the injury complained of. . . . It matters not, either, whether the payment made was in a large or in a small

amount; if it be accepted in satisfaction of the cause of action against one it is in law a satisfaction of the claim against them all. In the case at bar it is disclosed that, after the court had awarded a single judgment for a lump sum against the three defendants jointly, the plaintiff accepted from two of them a sum of money for and on account of the injury and loss sustained, and a judgment of dismissal was accordingly entered. This judgment, entered under the stipulation of the parties, was equivalent to a *retraxit*. . . . It undoubtedly is liable for all the damages which the plaintiff has sustained, without regard to their different degrees of culpability, and a release of one discharges all.'

"It is claimed by plaintiff that these authorities are inapplicable, because in none of those cases did the release contain the saving clause of the one herein. It is to be observed, however, that the release made to Manson discharged him 'from all claims and causes of action set forth in the complaint.' It furthermore provided that, in the event that such release should be held to operate as a discharge of Manson's codefendants, nevertheless it was to operate 'as a full and final release of said Manson.' However conflicting may be the current of authorities in respect to the proper construction of a release of the kind in question, it is a well-settled principle of law that in actions *ex delicto* plaintiff can recover compensation but once. Where the demand is unliquidated, as in the case here, the court cannot hold that the payment of any sum, however small, in consideration of a release does not or cannot operate as compensation for the alleged injuries.

"I think in view of the broad and sweeping language of the supreme court in the case last quoted, it is clear that the release in question, notwithstanding its saving clauses, is a discharge not only of Manson but of his codefendants, Casey and Van der Naillen."

In addition to the authorities referred to in the foregoing opinion, there are a number of cases in other jurisdictions, constituting the weight of authority, which hold that a reservation in a release to one of several tort-feasors does not operate to hold the others. Such a provision, says the court in *Gunther* v. *Lee,* 45 Md. 60, [24 Am. Rep. 504], "is simply

void as being repugnant to the legal effect and operation of the release itself.''

So in *Seither* v. *Philadelphia Traction Co.*, 125 Pa. 397, [11 Am. St. Rep. 905, 4 L. R. A. 54, 17 Atl. 338], where a reservation in a release similar to the one here was considered, the court said that the plaintiff having received one satisfaction was not entitled to. a second. Each joint tortfeasor ''being liable to the extent of the injury done by all, it follows as a necessary consequence that satisfaction made by one for his liability operates as a satisfaction for the whole wrong and as a discharge of all concerned. One defendant cannot make an agreement impairing the legal rights of his codefendants, nor cede to the plaintiff the privilege these defendants had of availing themselves of any matter forming a legal defense to the action.'' (*Ellis* v. *Bitzer,* 2 Ohio, 89, [15 Am. Dec. 534, 537].)

In *Sunlin* v. *Skutt,* 133 Mich. 208, [94 N. W. 733], it is held, as stated in the syllabus, ''The release of one joint trespasser is the release of all, irrespective of the intention of the parties.''

In the case of *Ruble* v. *Turner,* 2 Hen. & M. (12 Va.) 38, the same principle is given thus: ''The law says that if one joint trespasser be released, or make accord and satisfaction, it shall be a bar against the recovery against all others. The plaintiff can no more change the law in this particular by any subsequent proviso or condition than he could, after a grant in fee simple by deed, restrain his grantee from selling the lands. . . . The proviso is merely void, and cannot prevent the legal effect of the accord and satisfaction made by one of the codefendants.''

See, also, *Ewing* v. *Ford,* 1 A. K. Marsh. (8 Ky.) 457; *Brown* v. *Town of Louisburg,* 126 N. C. 701, [78 Am. St. Rep. 677, 36 S. E. 166]; *El Paso & S. R. Co.* v. *Darr* (Tex. Civ. App.), 93 S. W. 166; *Ayer* v. *Ashmead,* 31 Conn. 447, [83 Am. Dec. 154]; and the leading case of *Abb* v. *Northern Pac. Ry. Co.,* 28 Wash. 428, [92 Am. St. Rep. 864, 58 L. R. A. 293, 68 Pac. 954], where the authorities on both sides of the question are carefully reviewed, and the conclusion is reached that when an injured party receives a sum of money with an agreement that it shall fully release and discharge the one making the payment—as was the case here—it is a re-

lease of the cause of action as to all the defendants, although there was a stipulation to the contrary. "The absolute release of one," says the court, "operates to release all tortfeasors who participated in the same act."

The judgment is affirmed.        .

Hall, J., and Lennon, P. J., concurred.

A petition .to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 7, 1912.