[Civ. No. 6228. First Appellate District, Division One.—June 23, 1928.]

MRS. E. W. HAWBER, Respondent, v. WALTER RALEY, Sr., et al., Appellants.

Ford, Johnson & Bourquin for Appellants.

James C. Espey and J. Hampton Hoge for Respondent.

KNIGHT, J.—This is an action to recover damages for personal injuries suffered by plaintiff as a result of an automobile collision which occurred in San Jose on January 6, 1924, between an automobile driven by E. L. Emery and owned by his wife, Mrs. Harriet E. Emery, in which plaintiff was riding, and one driven by the defendant Raley, Jr.,

and belonging to his father. The jury rendered a verdict in plaintiff's favor for the sum of $1,245, and judgment was entered thereon, from which defendants have appealed.

It appears from the evidence that Mrs. Emery, the owner of the automobile in which plaintiff was riding, was covered by a policy of public liability insurance issued by a company represented by one of plaintiff's attorneys, and that shortly after the accident and while plaintiff was still confined in the hospital said attorney paid plaintiff $380.27, which payment was evidenced by a written agreement, signed by plaintiff and witnessed by one of the insurance company's agents. These facts were developed by defendants at the trial, during the cross-examination of plaintiff, and thereupon defendants asked and were granted leave to amend their answer so as to plead said payment as a satisfaction for the injuries plaintiff received and as a discharge of these defendants from any liability for the tort sued upon. The cause was submitted to the jury with instructions to render one general and three special verdicts, the latter being in the following forms: First, was any alleged injury to plaintiff proximately caused by the negligence of Mr. Emery? Second, was any alleged injury to plaintiff proximately caused by the negligence of Mrs. A. L. Emery? Third, was any alleged injury to plaintiff proximately caused by the negligence of the defendant Walter Raley, Jr.? The jury answered the first and second special verdicts in the negative, and the third in the affirmative, and consequently rendered a general verdict against defendants for the sum of $1,245.

It is contended by the defendants here, as it was before the trial court, that the effect of said payment to plaintiff and the execution by her of said agreement was to extinguish the cause of action sued upon, the contention being based upon the rule which declares that payment by and the release of one of two or more joint tort-feasors operates as a release of all and estops the injured party from asserting that the person released was not in fault and not liable for the injury (*Tompkins* v. *Clay Street R. R. Co.*, 66 Cal. 163 [4 Pac. 1165]; *Chetwood* v. *California Nat. Bank*, 113 Cal. 414 [45 Pac. 704]; *Flynn* v. *Manson*, 19 Cal. App. 400 [126 Pac. 181]; *Urton* v. *Price*, 57 Cal. 270).

Plaintiff does not dispute the legal rule above mentioned, but contends that the present case is exempt therefrom, first, for the reason that the document executed by her did not constitute a release and satisfaction, but was merely a covenant not to sue Mrs. Emery, and therefore did not operate to extinguish the cause of action sued upon.

The document reads as follows: "Agreement Not To Sue. Whereas, Mrs. E. W. Hawber, on the sixth day of January, 1924, was a passenger in an automobile owned by Mrs. Harriet T. Emery, and Whereas, at the intersection of Sixth Street with William Street, San Jose, California, said automobile collided with another automobile, and Whereas, the said Mrs. E. W. Hawber did, on account of said collision, then and there receive personal injuries and damages to property; now Therefore, in consideration of the payment of Three Hundred Eighty and twenty-seven hundreths ($380.27) Dollars, to the said Mrs. E. W. Hawber paid by the said Mrs. Harriet E. Emery, the receipt of which is hereby acknowledged by the said Mrs. E. W. Hawber, the said Mrs. E. W. Hawber covenants and agrees that she will not institute claim, demand, or suit at law, against the said Mrs. Harriet E. Emery in consequence of said collision. It Is Further Agreed and Understood between the parties hereto that the payment of the amount above stated is not to be construed as an admission on the part of said Mrs. Harriet E. Emery of any liability whatever in consequence of said collision. And It Is Further Understood and Agreed, that should the said Mrs. E. W. Hawber at any time in the future institute claim, demand, or suit at law, against the said Mrs. Harriet E. Emery, the said Mrs. Harriet E. Emery may plead this agreement in full satisfaction and release of said claim, demand, or suit at law. In Witness Whereof the said Mrs. E. W. Hawber has hereunto set her hand and seal this twenty-third day of January, 1924. Witnesseth: J. A. Stewart (signed) (Mrs.) Elletta W. Hawber (Seal)."

In dealing with the question of the legal effect of a covenant not to sue as contradistinguished from a release and satisfaction, Ruling Case Law (vol. 23, p. 408) states: "The authorities almost uniformly hold that a covenant or agreement not to sue one of several joint tort-feasors made on a sufficient consideration is not a technical release of the damages sustained, and will not be held to release either,

*but the person with whom the agreement or covenant was made must be left to his action on it.''* (Italics ours.) And upon the same subject Cyc. (vol. 34, p. 1090) declares: ''An absolute covenant not to sue one or less than all of several joint tort feasors never operates as a release, *and not even the covenantee can plead it as a defense,* for such a covenant does not extinguish the cause of action, *but he must seek his remedy in an action on his covenant.''* (Italics ours.) In other words, as said in *City of Chicago* v. *Babcock,* 143 Ill. 358 [32 N. E. 271], ''the legal effect of such a covenant (not to sue) is not the same as that of a release. A covenant not to sue a sole tort feasor is, to avoid circuity of action, considered in law a discharge, and a bar to an action against such tort feasor. But the rule is otherwise where there are two or more tort feasors, and the covenant is with one of them not to sue him. In such case the covenant does not operate as a release of either the covenantee or the other tort feasors, but the former must resort to his suit for breach of covenant and the latter cannot invoke the covenant as a bar to the action against them.''

It would therefore appear to be a rule of construction that where two or more tort-feasors are involved and the document is such that the covenantee may plead the same in abatement of any action which the covenantor might subsequently commence in breach of the obligation contained in said document and the remedy thereunder is not restricted to an action on the covenant, the document constitutes a release and satisfaction, and not a mere covenant not to sue. An inspection of the document in question here discloses that by its very terms it was agreed ''that should the said Mrs. E. W. Hawber at any time in the future institute claim, demand, or suit at law against the said Mrs. Harriet E. Emery the said Mrs. Harriet E. Emery may plead this agreement in full satisfaction and release of said claim, demand, or suit at law,'' and it would follow, therefore, under the rule of the authorities above cited, that said document constitutes a full release and satisfaction for the injuries received by plaintiff, and that the same is not merely a covenant not to sue. That being so, the second question to be determined is whether, as plaintiff contends, the case is taken out of the operation of the general rule above mentioned because of the fact that the jury by its

special verdicts found that plaintiff's injuries were not proximately caused by the negligence of Mrs. Emery, which in effect was a declaration that she was not a joint tortfeasor.

Upon this latter question the authorities are apparently not agreed, but whatever may be the law elsewhere, the rule seems to obtain in this state that irrespective of the source from whence the compensation for the injury is accepted, the payment will operate as a satisfaction, which in equity and good conscience does not permit the party so compensated to recover again for the same injury, the ground of the rule being that the validity of the release is in no way dependent upon the validity of the claim, and that therefore it is immaterial whether the person from whom the satisfaction came was or was not legally liable (*Tompkins* v. *Clay Street R. R. Co., supra; Chetwood* v. *California Nat. Bank, supra*) ; nor does it make any difference however small the compensation thus paid may have been (*Flynn* v. *Manson, supra; Chetwood* v. *California Nat. Bank, supra*). The bar arises not from any particular form that the proceeding assumes, but from the fact that the injured party has actually received satisfaction or what the law deems is the equivalent (*Urton* v. *Price, supra*). Cooley on Torts, 3d ed., vol. 1, p. 236, states the same proposition in the following language: " . . . this rule it held to apply even though the one released is not in fact liable. 'It does not lie in the mouth of such a plaintiff to say he had no cause of action against one who paid him for his injuries' "; and in Cyc. (vol. 34, p. 1088), the rule is given thus: "If the release is given on a consideration received in complete satisfaction of the injury, then of course it is immaterial that the releasee was not a guilty party, nor even claimed to be such. In any event an action against the real tort feasor is barred, since the person injured is entitled to but one satisfaction." The above rule finds support also in the federal jurisdiction, for in the case of *Lovejoy* v. *Murray,* 3 Wall. (U. S.) 1 [18 L. Ed. 129, see, also, Rose's U. S. Notes], it is declared: "When the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, he is so far affected in equity and good conscience that the law will not permit him to recover again for the same damages." And in dealing with the

same question the case of *Kirkland* v. *Ensign-Bickford Co.*, 267 Fed. 472, holds: "One who compromises a claim does not necessarily admit that the claim was well founded, but the one who receives the consideration is precluded from denying that it was. So· it may be said that when a pretended claim for a tort has been settled by a treaty, and satisfaction rendered the claimant by one so connected with the trespass as to be reasonably subject to an action and possible liability as a joint tort-feasor, the satisfaction rendered will release all who may be liable, whether the one released was liable or not. In such a case it is not necessary that it should appear that the party making the settlement was in fact liable. It will be deemed sufficient if there is an appearance of liability; that is, something in the nature of a claim on the one hand and a possible liability under the rule of the law on the other."

As the decision just quoted from points out, in many of the cases in which it has been held that the releases there dealt with operated only in favor of the covenantees, the releases related to some liability independent of and separate from the tortious act sued upon. Such was the case of *Aigeltinger* v. *Whelan,* 133 Cal. 110 [65 Pac. 125], upon which plaintiff strongly relies, it being there shown that the release pleaded as a ·bar was given in favor of certain sureties, and was founded on contractual liability not in any way connected with the tortious act for which their principal was being sued in damages. In the present case there is but the single liability or cause of action growing out of one tortious act.

In further support of her position that the present case is not controlled by the general rule above mentioned, plaintiff points out that in those cases arising in this jurisdiction wherein the rule has been applied the releases were obtained subsequent to the commencement of the actions, whereas in the case at bar no action ever was instituted against Mrs. Emery, on behalf of whom the payment was made. We think this distinction cannot be held to alter the application of the rule, however, for it will be found that in a number of well-considered cases from other jurisdictions the rule has been applied notwithstanding the party from whom the satisfaction was accepted was not sued or even claimed to be liable (*Cleveland etc. Ry. Co.* v. *Hilligoss,* 171 Ind. 417

[131 Am. St. Rep. 258, 86 N. E. 485] ; *Cormier* v. *Worcester Consol. St. Ry. Co.,* 234 Mass. 193 [125 N. E. 549]; *Carpenter* v. *McElwain Co.,* 78 N. H. 118 [97 Atl. 560]; *Muse* v. *DeVito,* 243 Mass. 384 [137 N. E. 730]).

Nor does it matter, as plaintiff urges, that the settlement was made with Mrs. Emery, the owner of the automobile in which plaintiff was riding, and not with Mr. Emery, who was driving the same, for, as already shown, the application of the rule is based upon the fundamental fact that where there is a single injury there is but one cause of action, indivisible and inseparable, for which both in law and good conscience there can be but one satisfaction. It is immaterial, therefore, from what source the satisfaction may come (*Lovejoy* v. *Murray, supra; Hunt* v. *Ziegler* (Tex. Civ. App.), '271 S. W. 936). It appears from the testimony of plaintiff in the case before us that the money was paid to her by the insurance company on behalf of Mrs. Emery while she was in the hospital, so that she might be able to meet the expenses for medical services and hospitalization; and the record discloses that these same items of expense were included in her demand for damages against these defendants, which the trial court instructed the jury she was entitled to recover, providing it found that the defendants were negligent. Presumably the jury followed the instructions and included these elements of damage in its verdict. It would seem clear, therefore, that if the judgment herein is allowed to stand, plaintiff will be twice compensated for the same elements of damage. True, she may have received from Mrs. Emery only a part of the damages accruing from her injuries, but, as said in *Tompkins* v. *Clay Street R. R. Co., supra:* "Damages resulting from the same wrongful transaction are ordinarily inseparable; she could not recover part from one and part from another defendant"; and again in *Flynn* v. *Manson, supra,* as follows: "However conflicting may be the current of authorities in respect to the proper construction of a release of the kind in question, it is a well-settled principle of law that in actions *ex delicto* plaintiff can recover compensation but once. Where the demand is unliquidated, as in the case here, the court cannot hold that the payment of any sum, however small, in consideration of a release does not or can not operate as compensation for the alleged injuries."

The same proposition is aptly stated in the case of *Abb* v. *Northern Pac. R. Co.*, 28 Wash. 428 [92 Am. St. Rep. 864, 58 L. R. A. 293, 68 Pac. 954], as follows: " . . . but when an injured party makes an estimate of the amount of damages he is willing to receive from one and accepts such sum with the agreement that it shall fully release and discharge the one making the payment we think it is more than a mere agreement not to sue, it is a release of his cause of action in consideration of a satisfaction."

Under the authorities and for the reasons hereinabove set forth, the judgment is reversed.

Tyler, P. J., and Cashin, J., concurred.