[Civ. No. 8051. Second Appellate District, Division Two.—December 21, 1933.]

FERNE DRUMM, Respondent, v. MARIE S. HART, Appellant.

Jennings & Belcher for Appellant.

J. Frick and Preisker, Goble & Twitchell for Respondent.

STEPHENS, P. J.—Marie S. Hart was operating an automobile in a heavy fog and the machine collided with a freight train, injuring a guest passenger, Ferne Drumm, who thereafter sued Mrs. Hart for damages. A jury found

for the plaintiff in the sum of $7,000 and defendant appeals from the judgment entered thereon.

The issue before us very largely lies around the effect of two written instruments, one a settlement entered into whereby Herbert H. Hart was unconditionally released from further liability and the other a sight draft for the sum of money mentioned in the settlement. The sight draft, issued by an insurance company, names H. H. Hart as the insured and Ferne and Louis S. Drumm as claimants for damages received through the accident. It purports on its face to be a release for damages resulting from the accident, and is signed by both Ferne and Louis S. Drumm as payees. In a like situation in *Garcia* v. *California Truck Co.*, 183 Cal. 767, at 769 [192 Pac. 708], the Supreme Court said that unless the release was avoided in some legitimate way it would constitute an insuperable bar to recovery. For further authority on the point see *Tompkins* v. *Clay St. R. R. Co.*, 66 Cal. 163 [4 Pac. 1165], *Hawber* v. *Raley,* 92 Cal. App. 701 [268 Pac. 943], and *Chetwood* v. *California Nat. Bank,* 113 Cal. 414 [45 Pac. 704].

The plaintiff sought to establish at the trial that because of the injuries sustained she was mentally unable to understand what she had signed, and that therefore the release did not bind her. There was conflicting evidence received on this point, but the court did not submit the question to the jury, instead instructing that neither of the instruments had any effect on the case as Mrs. Hart and not Mr. Hart was the defendant. It was the evident theory of the court that the action was against Marie S. Hart and' that what affected H. H. Hart was not material or relevant, and that the receipt, though signed by plaintiff in the case, did not constitute a release from her. This was reversible error. The release receipt of the injured party on the back of the sight draft brings the case within the doctrine that payment for a settlement of an unliquidated claim for damages operates as compensation for the injuries. (*Tompkins* v. *Clay St. R. R. Co., supra.*) The principle is well stated in *Hawber* v. *Raley, supra,* a case very similar to the instant one: "Nor does it matter, as plaintiff urges, that the settlement was made with Mrs. Emery, the owner of the automobile in which plaintiff was riding, and not with Mr. Emery, who was driving the same, for, as already shown,

the application of the rule is based upon the fundamental fact that where there is a single injury there is but one cause of action, indivisible and inseparable, for which both in law and in good conscience there can be but one satisfaction." We do not think *Wallner* v. *Barry*, 207 Cal. 465 [279 Pac. 148], affects the above rule.

It may be that both Mr. and Mrs. Drumm accepted the settlement and received and receipted for the money under the apprehension that the insurance liability of Mr. Hart was alone affected thereby. The release, however, is in broad terms; no attempt at rescission or reformation has been made, and the only attack upon the release—the mental condition of the plaintiff at the time it was signed—was kept from the jury because the court concluded as a matter of law that the release did not affect Mrs. Hart in any case.

At the trial appellant sought to show that the automobile driven by Mrs. Hart was owned by Mr. Hart and that it was being driven with his permission. It was the theory of appellant that these facts would make Mr. Hart a joint tort-feasor (Civ. Code, sec. 1714¼), and that the release to him would therefore release Mrs. Hart. The trial court refused to permit the establishment of these facts. We think it unnecessary to go into this interesting question since the release signed by Mr. and Mrs. Drumm, as it reaches us from the trial court, stands at its face value and purports to cover the damages for the injury.

The judgment is reversed and the cause remanded for trial.

Craig, J., and Archbald, J., *pro tem.*, concurred.