[Civ. No. 7864. Third Dist. June 15, 1951.]

BERTHA HADDEN et al., Appellants, v. PETE J. MORAN et al., Defendants; BETTY JANE REQUA et al., Respondents.

Donald E. Wheeler for Appellants.

Brown, Rosson & Berry for Respondents.

ADAMS, P. J.—The sole question presented on this appeal is whether a compromise settlement effected by plaintiffs with defendants Pete J. Moran and his wife, Leola, operated, as a matter of law, to release defendants Betty Jane Requa and Carl S. Requa from liability for damages for injuries sustained by plaintiffs Bertha Hadden and Peggy Metzler in an automobile collision, and for expenses incurred by Charles Hadden due to the injuries to his wife, Bertha.

Plaintiffs' complaint alleged that at the time of the accident, Peggy Metzler was driving west on Highway No. 40 in Solano County in a De Soto coupé in which plaintiff Bertha Hadden was a passenger; that defendants Pete J. Moran and his wife, Leola, were the owners of a De Soto coupé being operated by Pete in the same direction, in which plaintiffs' car was operated, namely, in a westerly direction; that defendants Betty Jane Requa and Carl Requa were the owners of a Packard coupé being operated by Betty and driven easterly on said highway; that Moran and Requa operated their respective vehicles in such a careless and negligent manner as to cause the Requa car to run into the car occupied by plaintiffs; that said careless and negligent manner in which defendants Pete J. Moran and Betty Jane Requa did operate their said automobiles jointly and concurrently resulted in the collision of the Requa automobile with the automobile operated by plaintiff Peggy Metzler; and that said accident was the result of said joint and concurrent negligent manner in which said defendants did operate, manage and ˙control their said automobiles at said time and place. Elsewhere in the complaint it was repeated some 14 or 15 times that the accident was the proximate result of the *joint and concurrent* negligence of defendants Moran and Requa, and in no place was it alleged that the accident was caused by reason of the sole negligence of either of the operators of defendants' cars.

Some months after the filing of plaintiffs' complaint plaintiffs Hadden entered into an agreement with defendants Moran which provided:

"For and in consideration of the sum of Four Thousand Five Hundred Dollars ($4,500.00) to us in hand paid by Peter J. Morand, receipt of which is hereby acknowledge, we Bertha Hadden and Charles Hadden . . . do hereby release, acquit and forever discharge said Peter J. Morand and Leola F. Morand, of and from any and all claims, demands, actions or causes of action which we or either of us now have or may have in the future for injuries to person or damage to property

arising or to arise out of that certain accident which occurred on or about April 2, 1947 near the City of Fairfield, County of Solano, State of California, at which time an automobile operated by said Peter J. Morand *caused an automobile owned by Carl S. Requa to come into collision with an automobile owned and operated by one Peggy Metzler* in which said Bertha Hadden was riding, causing said Bertha Hadden to sustain certain personal injuries and damage to property and causing us to sustain certain expenses, following which we filed suit against said Peter J. Morand and said Leola F. Morand, named in said suit as Pete J. Moran and Leole F. Moran, in the Superior Court of the State of California, in and for the County of Solano, said suit bearing number 20458, which we now authorize our attorneys, Messrs. Hoey & Hoey, to dismiss with prejudice.

''It is distinctly understood and agreed by and between all parties hereto that this release includes claims of every kind or character for personal injuries which the said Bertha Hadden has had, now has or may have in the future arising or to arise out of said accident, whether said injuries are known or unknown, suspected or unsuspected, anticipated or unanticipated or within the contemplation of any of the parties hereto or of any other person.'' (Italics added.)

A like agreement was executed by plaintiff Metzler. These agreements were set forth in a special defense filed by defendants Requa, and it was stipulated between the plaintiffs and defendants that the court should try the issues presented by the separate defense, and an agreed statement of facts, and if it should find that said agreements determined the rights of the parties, it might enter judgment finally adjudicating the rights of the parties.

The facts agreed upon are as follows: The car in which plaintiffs were riding was traveling west followed by the Moran car. The Moran car attempted to pass the plaintiffs' car. To do so it went over onto the left side of the highway. The Requa car, traveling east on its right hand side of the highway, was suddenly faced with a head-on collision with the Moran car, and to avert such a collision the Requa car swerved to its right onto the south shoulder of the highway and there went out of control due in part to rainy weather, and then skidded back across the highway and collided with plaintiffs' car.

The court made the following finding:

"That on the 17th day of March, 1948, Bertha Hadden and Charles Hadden, plaintiffs above named, for the monetary consideration of $4,500.00 . . . , and Peggy Metzler, plaintiff above named, for the monetary consideration of a further sum of $4,500.00 . . . , paid to said plaintiffs by defendants Pete J. Moran . . . and Leola F. Moran . . . , by instruments in writing fully and finally released and discharged the above named defendants Pete J. Moran . . . and Leola F. Moran . . . from any and all liability for damages arising from the accident of April 2, 1947 described in plaintiffs' complaint; that said defendants, Pete J. Moran . . . and Leola F. Moran . . . were joint tort feasors in the proximate cause of said accident along with defendants Betty Jane Requa and Carl S. Requa, Sr., sued herein as Carl Requa; that in this connection the court expressly finds that the allegations of plaintiffs' complaint describing said defendants Pete J. Moran . . . and Betty Jane Requa as joint tort feasors, and alleging that said accident was the result of their joint and concurrent negligent acts, are true; that following said release and discharge of said defendants, plaintiffs, and each of them, dismissed the above entitled action, with prejudice, as to said defendants Pete J. Moran . . . and Leola F. Moran . . . by written dismissal duly filed of record herein; that said release and discharge of said defendants Pete J. Moran . . . and Leola F. Moran . . . , and said dismissal of said action as to said defendants, operates as a matter of law to release said defendants Betty Jane Requa and Carl S. Requa, Sr., . . . from any and all liability to plaintiffs arising from said accident, and operates as a bar to their further prosecution of this action against said latter defendants."

Appellants now insist that the judgment must be reversed, because, as they say, defendants were not joint tort feasors but were "independent concurrent tort feasors." Such contention is inconsistent with the repeated allegations in their complaint, and they stipulated that if the court found that they were joint tort feasors the release of the Morans amounted to a release of the codefendants. As set forth above the court made such a finding, and we cannot say that the finding is without support in the evidence; it conforms to the pleading of the plaintiffs, and it is in conformity with the allegation contained in the settlement agreements with Moran that Moran "caused an automobile owned by Carl S. Requa to come into collision with an automobile owned and operated by one Peggy Metzler." It may well be said that the court would have

been justified in finding that there was no negligence on the part of the driver of the Requa car. But we are satisfied that the finding that, if negligent at all, Betty Jane Requa was a joint tort feasor, and that as such she was released from liability by the compromise agreements, has support in the evidence. The same result follows, to wit: that the Requas are not now liable to plaintiffs. Cases comparable on the facts are *Commercial Transfer Inc.* v. *Daigh & Stewart,* 33 Cal. App.2d 370, 373 [91 P.2d 951]; *Cummings* v. *Kendall,* 34 Cal.App.2d 379, 381 [93 P.2d 633]; *Sawdey* v. *Producers' Milk Co.,* 107 Cal.App. 467 [290 P. 684].

We conclude that the trial court was correct in concluding that the instruments releasing and discharging the defendants Mr. and Mrs. Moran operated to release and discharge the defendants Betty Jane Requa and Carl S. Requa, Sr. (*Tompkins* v. *Clay Street R. R. Co.,* 66 Cal. 163 [4 P. 1165]; *Chetwood* v. *California Nat. Bank,* 113 Cal. 414, 427 [45 P. 704]; *Flynn* v. *Manson,* 19 Cal.App. 400, 402 [126 P. 181]; *Merrill* v. *Los Angeles Cotton Mills, Inc.,* 120 Cal.App. 149, 161 [7 P.2d 329]; *Hawber* v. *Raley,* 92 Cal.App. 701, 705 [268 P. 943]; 22 Cal.Jur. 763, § 12.) Many other decisions to the same effect might be cited, but the foregoing will suffice.

The judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.