The opinion of the court was delivered by
McEnery, J.
The defendant corporations are sued in solido for ten thousand dollars damages inflicted upon plaintiff’s wife in a collision of the trains of the first two defendants, at the intersection of the New Orleans & Northeastern Railroad and the Louisville & Nashville Railroad, at People’s avenue and Patriot street, on the morning of October 14, 1894. There was judgment against the East Louisiana and New Orleans & Northeastern Railroad Company in solido for plaintiff in the sum of one thousand two hundred and fifty dollars, with five per cent, from date of judgment.
The East Louisiana, to reach its own track, has to pass over and use the track of the New Orleans & Northeastern Railroad Company. The East Louisiana was running its own train, and on its own schedule. They are separate corporations, and the contract between them is for the mutual interest of both lines covering the interchange of traffic between points on the line of the road of the New Orleans & Northeastern south of but not including Pearl River Station. There is nothing in the agreement to indicate ownership of the East Louisiana by the New Orleans & Northeastern, nor is there any stipulation that would indicate that the latter road *1442 is to be responsible for any damages to third parties by defective equipments of the former’s trains running over the New Orleans & Northeastern tracks.
The plaintiff’s wife was a passenger on the Louisville & Nashville Railroad when the collision occurred, and received severe and painful injuries, from which she had not entirely recovered when this suit was filed.
At the crossing, the Louisville & Nashville road, it is conceded, had the right of way; that is, the right when trains on both tracks were approaching the crossing, to pass over first.
The Louisville & Nashville Railroad train, as it approached the crossing, stopped at the “ stop board,” some three or five hundred feet from the crossing. It gave the usual signals, but no response was made by the train of the East Louisiana road.
The engineer of the Louisville & Nashville train, believing the track was clear, from hearing no signals, moved forward to cross. When seventy-five feet from the crossing, he saw the East Louisiana train coming at a distance of three-quarters of a mile. The train moved on, the engineer says, he was sure the engineer of the East Louisiana was preparing to stop. When one car was on the crossing, the engineer of the Louisville & Nashville became convinced that; the East Louisiana would not stop. He then put on all the force he could to clear the crossing. There were eight coaches in his train, and the East Louisiana struck the sixth coach. The train, when put in motion to cross, was going at the rate of six miles per hour.
The “slow post ” on the Northeastern road is 3500 feet from the crossing; the “stopping post” 300 feet. The engineer of the Louisville & Nashville says in his testimony: “ When I saw him rolling by the ‘stop board,’ I knew the speed he was going at. I saw that he was not going to stop his train, and I threw the reverse lever down in the corner, and opened the throttle valve to get out of his way as quick as I could, but I couldn’t do it quick enough on account of stopping at the ‘ stop board.’ ” The engineer of the East Louisiana says that as he approached the “ slow board ” he blew the whistle for the crossing, and “let his train,” as he supposed, “roll up, ‘half way,’ as it was an incline.” He was going at a high rate of speed, twenty-five miles per hour. When half way between the “ slow hoard” and the “ stop board” he applied the air brake, but it did not work. He called for hand brakes and succeeded in reducing the *1443 speed of the train to two miles, when it struck the Louisville & Nashville train.
There is no doubt as to the negligence of the East Louisiana. The air brake, it is said, was in good condition when the train left the depot, and that it had been inspected prior to the departure of the train. The defect in the brake is accounted for on the supposition that it had been maliciously tampered with. There is no evidence of any kind that points to this conclusion. It is much more reasonable to assign as a cause the oversight of the inspector, or some inherent defect in the brake, than to attribute it to some depraved and malicious creature, without even the slightest suspicion upon any one.
Notwithstanding this defect in the air brake of the East Louisiana road, the accident would not have happened had the engineer of the Louisville & Nashville exercised ordinary care and judgment. When he saw the train it was in time, about two minutes from the crossing. It would take his train about the same time to go over the distance, say one thousand one hundred feet from where he first saw the approaching train, in order to clear it, if it kept at the same speed at which it was going, twenty-five miles per hour. Human life is too precious to take chances in the small margin of time here presented. He ought to have stopped his train and waited for the stopping of the approaching train at the “stop board” on the Northeastern Railroad track. Although the Louisville & Nashville train had the right of way, the engineer had no right to exercise it in the presence of immediate danger. In attempting to exercise this right, with the approaching train so near the crossing, he had to assume that it was in order in all its equipments, and no contingency would prevent its stopping at the “ stop board.”
The engineer’s experience and his trained judgment ought to have taken in the situation and appreciated the danger in taking such chances within such limited time. The fraction of a minute was important in calculation, and the least derangement of the machinery or equipment of the approaching train would cause the loss of this precious time.
Surely human life is too valuable to be sacrificed to save in the scheduled time of a train such an inappreciable amount.
Both trains were in default, and the fault of each was simultaneous and concurred as a proximate cause in bringing about the accident. They are liable in solido to the plaintiff.
*1444 It was said in argument that there was no contractual obligation between the plaintiff and the East Louisiana Railroad, as he was not a passenger on its train. The claim for damages arises as against the East Louisiana Road ex delieto. Had the Louisville & Nashville been without fault, would the plaintiff have been denied relief against the East Louisiana road? We see no force in this contention.
It is ordered, adjudged and decreed that the judgment appealed from be amended, reversing that part as to the New Orleans & Northeastern Railroad Company, and that part as to the Louisville & Nashville Railroad Company, and it is now ordered that plaintiff’s demand against the New Orleans & Northeastern Railroad Company De dismissed, and that there be judgment against the Louisville & Nashville Railroad Company in solido with the East Louisiana Railroad Company for the amount of the judgment appealed; in other respects the judgment is affirmed, the defendant roads against which judgment is rendered to pay costs of appeal.
Nicholls, C. J., absent.