WALTER S. COLE, Admr., *vs.* CHARLES W. LIPPITT *et al.*

$\frac{22}{25}\ \frac{31}{104}$
$\frac{22}{27}\ \frac{31}{234}$

PROVIDENCE—MARCH 30, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Pleading and Practice at Law.   Joint and Several Torts.   Joinder of Parties Defendant.*

A count in tort which jointly charges the owner, architect, and builder of a house with negligence, the first for furnishing improper plans for its construction, the second for improper supervision, and the third for improper building, is bad in that it states three different cases against three different defendants for three different causes of action. These grounds of liability are distinct, and there is no common legal relation between them with respect to the plaintiff.

Parties cannot be declared against jointly where there is no community of wrong-doing, even though the tort of one might be such that without it the neglect of duty charged upon the other would not have followed.

TRESPASS ON THE CASE for negligence. The facts are sufficiently stated in the opinion. Heard on demurrer of defendants to declaration. Demurrer sustained to second count.

STINESS, J. The plaintiff brings this action against the owner, builders, and supervising architect of a house for negligence in its construction, whereby the decedent lost his life. The declaration has two counts, and the defendants severally demur upon the ground that they are improperly joined as defendants in the same action, because the declaration sets out several and distinct, and not joint, breaches of duty and causes of action.

The first count sets out a joint and common undertaking to build the house, and a joint and common hiring of the

decedent, Pierce.   It is not, therefore, objectionable on the
ground set forth in the demurrer.

(1)    The second count sets out the contractual relations exist-
ing between the defendants, the different parts which each
of them took in the work of construction, the consequent
duty to the workman, the breach thereof by the several par-
ties defendant, and the resulting death of Pierce.   Without
reciting the long count, it shows that Lippitt was the owner
of the estate, who made a contract with Maguire and Penni-
man for a part of the construction of the house, and em-
ployed Robertson to supervise the work, and that Pierce was
employed by Maguire and Penniman; that in the course of
the work a part of a tower fell upon Pierce and killed him.

The negligence charged against Lippitt is that he caused
the erection of the house upon improper plans, which pro-
vided for a tower with an overhanging battlement without
proper support, and also provided for bricks and mortar of a
kind too hard to form a strong bond, etc.

The negligence charged against Robertson is that he caused
the erection of the house under improper plans, and the neg-
ligence charged against Maguire and Penniman is that they
did not use reasonable care in construction, and failed to
counterbalance and anchor the walls; also, that they built
the battlement in too short a time for the mortar to set and
harden.

These several charges of negligence are quite different in
kind and relation, but the plaintiff claims that they consti-
tute a joint liability, because the negligence of each defend-
ant combined with others to produce the injury.   This, how-
ever, is not enough to make a joint tort.   As stated in *Ben-
nett* v. *Fifield*, 13 R. I. 139, parties cannot be declared against
jointly where there is no community of wrong-doing, even
though the tort of one might be such that, without it, the
neglect of duty charged upon the other would not have fol-
lowed.   A similar statement is made in *Sellick* v. *Hall*, 47
Conn. 260, 274, that it is not enough to make torts joint that
the acts constituting them stand in juxtaposition in time and

place. "There must be a oneness of act." The fact that the effects of several wrongful acts are produced at the same time and place cannot affect the question. In *Doremus* v. *Root*, 94 Fed. Rep. 760, it was held that although a master and his servant through whose negligence another is injured may each be liable for such injury, their obligations rest upon different grounds, and they cannot be held jointly liable.

The second count of this declaration before us clearly states "three different cases, against three different defendants, for three different causes of action." Lippitt is charged with furnishing improper plans; Robertson with improper supervision; and Maguire and Penniman with improper work. These three grounds of liability are quite distinct. There is no common legal relation between them with respect to the plaintiff. Of course it may be said that if there had not been improper plans or improper supervision or improper work, there would have been no injury; but that does not make the three things a joint act. Evidently Maguire and Penniman had nothing to do with procuring the plans, nor Lippitt with the doing of their work. A resulting liability on the part of the owner, arising from a right of supervision of the work, does not make an act of the builders his act. Both may be liable and yet not jointly liable, because the cause of action against each is different from the other. Between Pierce and the builders there was a contractual relation of master and servant, but none between him and the owner, unless the builders are treated as his agents, and none whatever between Pierce and Robertson. We think, therefore, that the count is clearly bad.

The plaintiff, conceding that separate defendants cannot be sued jointly for distinct causes of action, cites cases to show the liability of each upon the grounds charged against them in this count, and from such liability he claims a joint right of action. But he shows no authority for such a claim. With two exceptions, all the cases which he cites are suits against a single defendant to establish his sole liability. The two exceptions are *Klander* v. *McGrath*, 35 Pa. St. 128, and

3

*Hawkesworth* v. *Thompson*, 98 Mass. 77. In both these cases the court found a joint tort as a fact. The former case was for the fall of a dilapidated party-wall, and both owners were sued for a joint negligence in letting it stand. In the latter case the court found the fact of common direction in the work, and on this ground distinguished the case from *Parsons* v. *Winchell*, 5 Cush. 592, which held that a master and servant are not jointly liable for the servant's negligence. A joint liability is not made out by patching together individual liabilities which may arise from different relations to the same transaction.

The demurrers to the second count are sustained.

*Irving Champlin*, for plaintiff.

*Arnold Green, Edwards & Angell, and Vincent & Rice*, for defendants.