EUGENE W. MASON *vs.* GEO. H. COPELAND & CO. *et al.*

PROVIDENCE—MAY 10, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1)    *Pleading.    Joinder of Counts in One Action.*

The mere unintentional concurrence of the acts of two distinct parties resulting in damage to the plaintiff does not give him an action against the parties jointly, but a separate action against each of them.

Counts against defendant for letting horses known to be intractable can not be joined with counts against another defendant, a common carrier, for negligently stopping an electric car, although the two torts culminated in one injury.

TRESPASS ON THE CASE. Heard on demurrers to declaration, and demurrers sustained.

DUBOIS, J. The plaintiff has brought this action for negligence against a copartnership and a corporation, and charges in the first count of his declaration that the copartners, proprietors of a livery stable, let out to the plaintiff, for the use of his wife, horses and a carriage in charge of their servant, a driver, and that he so negligently drove and managed the horses that they became frightened and unmanageable and ran away, upsetting the carriage and injuring the wife of the plaintiff to his damage.

The second count charges the copartners with negligence in letting the horses, which they knew, or ought to have known, were dangerous, easily frightened, and likely to become unmanageable.

The third count is against the firm and The Rhode Island Company, a corporation, jointly, for the negligence of the driver in managing the horses and the negligence of the motorman of the corporation in bringing a car under his control to a sudden stop, just behind the carriage in which the plaintiff's wife was seated, by applying the brakes in such a manner as to cause a terrifying noise, or shriek, so that, by reason of the simultaneous and concurrent negligence of the driver and motorman, the horses became frightened, ran away, and overturned the carriage, injuring the plaintiff's wife, etc.

The fourth count alleges a further joint negligence on the part of the firm and corporation by combining together negligence of the copartnership in furnishing the unsafe horses, as set out in the second count, and negligence of the motorman of the corporation in running its car violently against the rear of the carriage, thus causing injury to the plaintiff's wife.

The fifth count is against The Rhode Island Company alone, for its negligence set out in the third count, and the sixth count is against the same corporation for the negligence alleged in the fourth count.

To this declaration the defendant corporation, The Rhode Island Company, has pleaded the general issue. And the other defendants, Albert H. Olney and Ellen Holden, have demurred to the same upon the grounds that the plaintiff therein has joined counts against them with counts against The Rhode Island Company, and also with counts against them and The Rhode Island Company.

And for further grounds of demurrer to the foregoing third and fourth counts, they say:

" First. That the said defendants, Olney and Holden, are improperly joined with the said Rhode Island Company."

" Second. That the act complained of is not a joint tort as between the defendants, Olney and Holden, and the defendant, The Rhode Island Company."

"Third. That there was no community of wrong-doing as between the said defendants, Olney & Holden, and the said defendant, The Rhode Island Company."

The following questions of law are raised by the demurrer:

First. Whether under Gen. Laws, cap. 233, sec. 20, the plaintiff in a case like this can join in one declaration several counts against two or more defendants, with each other, and with joint counts against both.

Second. Whether in such circumstances as those alleged in the third and fourth counts of this declaration, joint counts against two defendants acting independently of each other are proper.

(1)     These questions must be answered in the negative. As fully explained in *Phenix Iron Foundry* v. *Lockwood*, 21 R. I. 556, the statute does not authorize the joinder of distinct causes of action against separate defendants.

The plaintiff is mistaken in saying that in the case at bar there is only one cause of action, one injury, and one damage, and that the only question is which of two parties, if either, is responsible. The duty which the defendant firm owed to the plaintiff is essentially different from that imposed upon the street railway corporation, and the tort of the former, which is alleged to consist in letting horses known to be intractable or in charge of an incompetent driver, is not the same tort as that charged upon the latter, which consisted in negligently stopping an electric car to the injury of a person not a passenger thereon, although the two torts may have culminated in one injury. There is no question properly raised in this declaration as to which party is responsible. If the declaration is true, both parties are responsible in separate actions. The case does not present the concurrence of intention in the commission of a tort which is necessary to make a joint tort; the mere unintentional concurrence of the acts of two distinct parties resulting in damage to the plaintiff does not give him an action against the parties jointly, but a separate action against each of them. *Bennett* v. *Fifield*, 13 R. I. 139. As stated in *Cole* v. *Lippitt*, 22 R. I. 31: "A joint liability is not made out by patching together individual liabilities which may

arise from different relations to the same transaction." While it is true that many of the cases cited by the plaintiff, from courts of different jurisdictions, measurably sustain his contention, in this State the stricter rule has been adopted, and we see no good reason in this case for departing from it.

For these reasons the demurrer must be sustained.

Case remitted to the Common Pleas Division for further proceedings.

*Comstock & Gardner and William W. Moss*, for plaintiff.

*David S. Baker and Lewis A. Waterman*, for demurring defendants.