## KILKENNEY v. BOCKIUS et al.

(Circuit Court, D. Rhode Island. March 4, 1911.)

No. 2,921, Law.

1. PLEADING (§ 62*)—JOINT TORTS.

Where plaintiff, a passenger in an automobile, was injured in a collision with another automobile, and alleged that defendants, the owners of both cars, their servants and agents, did not use due and proper care and skill, and then and there so carelessly ran, managed, and operated the automobiles that they collided, in consequence whereof, etc., such allegation stated a cause of action against defendants as joint tort-feasors.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 132; Dec. Dig. § 62.*]

2. PLEADING (§ 62*)—JOINT AND SEVERAL LIABILITY.

Where plaintiff, a passenger in a taxicab, was injured in a collision with another automobile, and defendants severally owned and severally operated the cars that came into collision, a count in the declaration that defendants, their servants and agents, did not use due care, but so carelessly managed and operated the automobiles that they came together, etc., did not state the case as it existed, under the rule that, if the collision resulted in consequence of the negligence of both drivers, the tort was one for which the defendants were jointly and severally liable.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 62.*]

3. PARTIES (§ 27*)—ACTION (§ 38*)—JOINT TORT—JOINDER.

Where defendants were charged with a joint tort in the separate operation of separately owned automobiles, there was no error in their joinder as parties defendant in an action for injuries, regardless of any rights plaintiff might have under Gen. Laws R. I. 1909, c. 283, § 20, providing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that, when plaintiff is in doubt as to the person from whom he is entitled to recover, he may join two or more defendants, with the view of ascertaining which, if either, is liable, and may recover only against such of defendants as are liable, etc.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 35; Dec. Dig. § 27;* Action, Cent. Dig. § 549; Dec. Dig. § 38.*]

4. PLEADING (§ 53*)—JOINT AND SEVERAL LIABILITY—CAUSES OF ACTION—JOINDER.

Gen. Laws R. I. 1909, c. 283, § 20, provides that, whenever plaintiff is in doubt as to the person from whom he is entitled to recover, he may join two or more defendants, and recover only against such as may be liable. *Held* that, where defendants were properly sued as joint tortfeasors, plaintiff may join a separate count against each.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 114–117; Dec. Dig. § 53.*]

At Law. Action by Emma Kilkenney against Morris N. Bockius and the Taxi Service Company. On demurrer to plaintiff's declaration. Overruled.

Harry C. Curtis, for plaintiff.
Frank T. Easton, for defendants.

BROWN, District Judge. This is an action on the case for damages for personal injuries resulting from the collision of two automobiles, from one of which the plaintiff was thrown, receiving injuries.

The plaintiff was riding in an automobile operated by the Taxi Service Company. The first count includes as defendants both Bockius and the Taxi Service Company. It charges that:

"The defendants, their servants and agents, did not use due and proper care and skill, and then and there so carelessly ran, managed, and operated said automobiles that said automobiles collided and came together, in consequence whereof," etc.

According to its terms the first count charges that both defendants owned and negligently operated both automobiles, whereby they came into collision, to the plaintiff's damage.

Upon these allegations the defendants are clearly joint tort-feasors, and on its face the count is not subject to demurrer. At the hearing, however, plaintiff's counsel stated that the defendants severally owned and severally operated the automobiles. This being so, the declaration should be amended, not because upon its present allegations it is bad in law, but because it does not state the case that plaintiff intends to present to the jury.

This amendment is clearly permissible, since, if a collision occurred in consequence of the negligence of both drivers, and injury resulted, this is a joint tort, for which the defendants are jointly and severally liable. Moore on Carriers, p. 608, and cases cited.

Where a collision occurs between two ships, which are both at fault, the right of a cargo owner or passenger to sue either or both jointly is well settled upon common-law principles in no way peculiar to the admiralty. The Atlas, 93 U. S. 302, 317, 319, 23 L. Ed. 863. The Steamer Philadelphia, 1 Black, 62, 17 L. Ed. 84.

It is difficult to imagine a more typical case of a joint tort than the case of two drivers, who by their simultaneous negligence come into a collision, with a force that is the resultant of the momentum of each or both, and which resultant is so transmitted to a passenger as to throw him out of one of the vehicles, to his injury. For a court to analyze an event of this kind into two causes of action, so distinct and independent that the two defendants could not be joined in a single action, would be to ignore physical law as well as common law.

The defendant relies upon the Rhode Island cases of Bennett v. Fifield, 13 R. I. 139, 43 Am. Rep. 17, Cole v. Lippitt, 22 R. I. 31, 46 Atl. 43, and Mason v. Copeland, 27 R. I. 232, 61 Atl. 650. These are clearly distinguishable, and cannot be regarded as authorities for the proposition that two persons independently driving vehicles so negligently as to come into collision, to the injury of a third person, are not joint tort-feasors.

In Mason v. Copeland, 27 R. I. 232, 61 Atl. 650, the following language appears:

"The case does not present the concurrence of intention in the commission of a tort which is necessary to make a joint tort. The mere unintentional concurrence of the acts of two distinct parties, resulting in damage to the plaintiff, does not give him an action against the parties jointly, but a separate action against each of them."

To this language must be applied the familiar rule of construction that general expressions in an opinion are to be taken in connection with the case in which the expressions are used. Cohens v. Virginia, 6 Wheat. 264, 5 L. Ed. 257. The learned court obviously did not intend to hold that the concurrence of acts of negligence could in no event constitute a joint tort. If two vessels or two vehicles come into collision, because both lookouts or both drivers are asleep, there is a joint tort, without concurrence of intention.

As the defendants are charged with a joint tort, there is no error in their joinder; and this, regardless of any rights under section 20 of chapter 283 of the General Laws of Rhode Island of 1909.

As the defendants are jointly and severally liable, I see no error of law in the addition of a separate count against each, except, perhaps, that the additional counts are unnecessary. Section 20 of chapter 283 shows clearly the legislative intent to remove all technical difficulties as to joinder in a case like that at bar, where upon the proofs it may appear that one only or both of the defendants are liable.

If there were any technical difficulties about joinder in the case at bar, they should be removed by applying section 20 of chapter 283, which is broad enough in its terms and in its intent to cover the present case.

As other grounds of demurrer were not pressed at the hearing, they will not be considered.

Demurrer overruled.