SAYEED H. BESHARIAN *vs.* RHODE ISLAND COMPANY *et al.*

FEBRUARY 8, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1) Pleading. Joinder of Defendants. Joinder of Counts.*

In an action against defendants as joint tort-feasors, correct pleading permits a plaintiff to join in the declaration only such counts as allege common causes of action against the defendants, and counts setting forth distinct causes of action against the several defendants cannot be joined.

*(2) Pleading. Joinder of Defendants.*

Gen. Laws, 1909, cap. 283, § 20, of the joinder of defendants when a plaintiff is in doubt as to the person from whom he is entitled to recover,

permits a plaintiff to proceed against two or more defendants jointly, but the declaration in such joint action must conform to the rules of correct pleading against joint defendants and can only set forth in each of its several counts a joint cause of action against all the defendants.

*(3)   Pleading.   Joinder of Defendants.*

It is not the intent of Gen. Laws, cap. 283, § 20, of joinder of defendants in case of doubt as to the person from whom a plaintiff is entitled to recover, that in a joint action against two or more defendants a plaintiff may join distinct several causes of action against the different defendants.

*(4)   Pleading.   Joint Tort-Feasors.*

A declaration setting out a distinct wrongful act of each of two defendants, which acts occurring at the same time and place brought about a collision causing the injury, does not allege a joint tort of the two defendants, but by reason of the two distinct, though related torts, defendants are collaterally liable.

*(5)   Pleading.   Joinder of Defendants.*

Gen. Laws, 1909, cap 283, § 20, is for the relief of a plaintiff who is in doubt as to which one of a number of persons is guilty of a certain act which has caused an injury and is not intended for the relief of one who is in doubt as to which of a number of acts, each committed by different persons and each alleged to be unlawful has caused the injury.

TRESPASS ON THE CASE for negligence.   Heard on exception of plaintiff and overruled.

SWEETLAND, J.   This is an action of trespass on the case for negligence brought against the Rhode Island Company and The United Coal Company, both corporations and each doing business in the city of Providence.

The amended declaration is in six counts.   In the first and second counts the plaintiff alleges that his wife while riding as a passenger on one of the electric cars of the defendant, the Rhode Island Company, was injured as the result of a collision between said car and a motor truck of the defendant, The United Coal Company, which collision occurred "because the said defendants and their respective agents and servants not regarding their duties in the premises did not use due and proper care and skill in the management of their respective vehicles but on the contrary did then and there so carelessly run, manage and operate said car and said motor truck respectively that said vehicles in attempting

to pass collided and came together," through "the simultaneous connected and concurrent negligence of said defendants and their respective agents and servants." In the third and fourth counts the plaintiff alleges that his wife while a passenger as aforesaid was injured by reason of the negligence of the agents and servants of the Rhode Island Company in operating said car "in such a careless and reckless manner that said car collided with great violence with a motor truck belonging to The United Coal Company." In the third and fourth counts the plaintiff does not allege any negligence on the part of The United Coal Company or its agents and servants. In the fifth and sixth (1) counts the plaintiff alleges that his wife while a passenger as aforesaid was injured by reason of the negligence of the agents and servants of The United Coal Company in so carelessly operating the motor truck of said company that it came into collision with the electric car of the Rhode Island Company upon which she was riding. In the fifth and sixth counts the plaintiff does not allege negligence on the part of the Rhode Island Company or its agents or servants. In each count the plaintiff alleges that by reason of the injuries to his wife set out in said count the plaintiff has lost the services of his wife and has been obliged to pay out large sums of money in endeavoring to cure his wife of her injuries.

The defendant the Rhode Island Company demurred to the whole declaration on the grounds that the defendants are improperly joined, that the acts complained of are not the joint torts of the defendants, and that there is no community of wrong-doing alleged between said defendants. This demurrer was sustained by a justice of the Superior Court; and the case is before us upon the plaintiff's exception to that ruling of said justice.

The ruling of said justice in sustaining the demurrer to the declaration was clearly without error in so far as said ruling relates to the third, fourth, fifth and sixth counts of said declaration. The action is one against said defendants

as joint tort-feasors.   Correct pleading permits the plaintiff to join in his declaration only such counts as allege common causes of action against said defendants.   The third and (2) fourth counts each purports to set forth a distinct cause of action against the Rhode Island Company alone;  and the fifth and sixth counts each sets out a distinct several cause of action against The United Coal Company.   The plaintiff urges in support of the propriety of this pleading the provisions of Section 20, Chapter 283, General Laws, 1909, which is as follows:  "Sec. 20.   Whenever in any action the plaintiff is in doubt as to the person from whom he is entitled to recover, he may join two or more defendants with a view of ascertaining which, if either, is liable;  and the plaintiff shall recover only against such of the defendants as may be liable therein, and such as are not liable shall recover such costs, single or double, as the court in its discretion shall deem proper."   This statute in the circumstances set forth therein permits the plaintiff to proceed against two or more defendants jointly.   The declaration (3) in such joint action must conform to the rules of correct pleading against joint defendants and can only set forth in each of its several counts a joint cause of action against all the defendants.   It is not the intent of the statute that in a joint action against two or more defendants the plaintiff may join distinct several causes of action against the different defendants.   *Phenix Iron Foundry* v. *Lockwood,* 21 R. I. 556; *Mason* v. *Copeland,* 27 R. I. 232.

In support of his exception to the ruling of said justice (4) in so far as said ruling relates to the first and second counts of the declaration the plaintiff urges that in each of said counts he has alleged a joint tort of the two defendants.   We are unable to agree with him in this.   He has set out in each count a distinct wrongful act of each of the two defendants, respectively acting through their agents and servants; which wrongful acts, occurring at the same time and place, brought about the collision and caused the injury to the plaintiff's wife.

In accordance with the decisions of this court, however, such concurring acts of negligence do not constitute a joint tort. The wrongful act of the Rhode Island Company as alleged consisted in disregarding its duty to so prudently operate its electric car that the plaintiff's wife in the exercise of due care should not be injured thereby; and the wrongful act of The United Coal Company consisted in its disregard of a like duty in the operation of its motor truck. The wrongful act of either without the concurring unlawful act of the other might not have produced the effect alleged, but according to our decisions such circumstance does not render the two defendants joint tort-feasors. By reason of the two distinct, though related torts, the defendants are not jointly, but collaterally liable. *Bennett* v. *Fifield*, 13 R. I. 139. In *Cole* v. *Lippitt*, 22 R. I. 31, the court said: "parties cannot be declared against jointly where there is no community of wrong-doing, even though the tort of one might be such that, without it, the neglect of duty charged upon the other would not have followed;" and further the court said, "A joint liability is not made out by patching together individual liabilities which may arise from different relations to the same transaction." In *Mason* v. *Copeland*, 27 R. I. 232, the court laid it down as the rule in this State, that to constitute a joint tort there must be the concurrence of intention on the part of the defendants to commit the act which is alleged to be unlawful and tortious and "the mere unintentional concurrence of the acts of two distinct parties resulting in damage to the plaintiff does not give him an action against the parties jointly, but a separate action against each of them." The plaintiff in the case at bar urges that *Mason* v. *Copeland, supra,* is not an authority here because "of the different nature of the duties owed by the different defendants to the plaintiff in that case;" while in the case at bar the duty of each defendant to the plaintiff was of the same nature. In our opinion this case and *Mason* v. *Copeland* cannot be so distinguished. The point of the decision in *Mason* v. *Copeland* is that a joint tort had

not been alleged because the declaration charged on the part of each defendant the breach of a distinct duty which that defendant owed to the plaintiff; the point is not that as to each defendant there was the allegation of a breach of duty differing in its nature from the duty owed to the plaintiff by the other defendant.

(5)    In support of this branch of his case also the plaintiff urges upon us the provisions of Section 20, Chapter 283, General Laws, 1909, quoted *supra*, and urges that under the authority of that statute he should be permitted to proceed upon his first and second counts though we may be of the opinion that in each of those counts a joint tort has not been alleged. In our opinion that contention will not avail the plaintiff. The section in question is for the relief of a plaintiff who is in doubt as to which one of a number of persons is guilty of a certain act which has caused an injury and which he regards as tortious. The section is not intended for the relief of one who is in doubt as to which of a number of acts, each committed by different persons, and each alleged to be unlawful, has caused the injury for which he wishes to complain.

The plaintiff has called to our attention certain cases from other jurisdictions which he claims support his contention. We have examined these cases, as this court did similar cases before rendering the opinion in *Mason* v. *Copeland, supra,* and we must say, as was said in that case, that we see no good reason for departing from the logical rule of practice and pleading which has long been established in this State.

The plaintiff's exception is overruled. The case is remitted to the Superior Court for further proceedings.

*Frank Healy, George T. Marsh,* for plaintiff.
*Clifford Whipple, Earl A. Sweeney,* for defendant.

J. Samuels & Bro. Inc. *vs.* Superior Court.

FEBRUARY 8, 1918.

Present:    Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)   New Trial.   Joint Tort-Feasors.*

In an action against joint tort-feasors, after verdict against both defendants, independent motions by defendants for a new trial were properly filed. *Bassett* v. *Loewenstein & Hahn*, 22 R. I. 468, and *Curry & Richards* v. *Stokes*, 12 R. I. 52, distinguished.

CERTIORARI.    Writ granted and record quashed in part.

VINCENT, J.    This is a petition for a writ of *certiorari* filed for the purpose of bringing before this court for review the record of the Superior Court in a cause entitled *Dorothy Drew* v. *J. Samuels & Brother, Inc., et al.*, Law No. 581, Washington County.    A writ of *certiorari* was issued and the record in question is now before us.

The cause we are asked to review is an action for false imprisonment brought by Dorothy Drew against J. Samuels & Brother, Inc., and Nazaly Avedisian as joint tort-feasors. The case was tried in the Superior Court.    The trial was concluded on October 10, 1917.    The jury rendered a verdict of guilty against both defendants and assessed damages in the sum of $1,358.

Later, on October 13, 1917, each of the defendants filed a motion asking for a new trial.    The usual common law grounds were included in both motions, but they differed as to other alleged errors.    During the argument before the trial court on the motions for a new trial, counsel for Dorothy Drew, the plaintiff, moved to dismiss the motions of the defendants for a new trial on the ground, "That it appears of record that the verdict undertaken to be appealed from was and is joint against all the parties defendant; whereas, said petition or motion is singular and several and fails to join all the parties defendant", whereupon the further hearing of the matter was postponed for one week, the plaintiff in the meantime filing formal motions in writing

to dismiss the several motions of the defendants for a new trial, one of which said motions to dismiss being filed October 31 and the other November 3, 1917. The defendant, J. Samuels & Brother, Inc., also filed a motion on November 8, 1917, asking that it might be permitted to join the defendant Avedisian in its motion for a new trial and that it might be permitted to so amend its said motion, and in these requests the said Avedisian joined.

On November 8, 1917, a hearing appears to have been had on the motions to dismiss the motions of the several defendants for a new trial and on the following day the Superior Court rendered a decision granting the motion of the plaintiff to dismiss the motion of each of the defendants.

On November 17, 1917, the Superior Court rendered a further decision denying the motion of the defendant J. Samuels & Brother, Inc., to join the defendant Avedisian in its motion for a new trial. In reviewing this record the defendants direct our attention to two questions: (1) Was the decision of the Superior Court dismissing the motions of the defendants for a new trial correct and (2) Was the decision of the Superior Court refusing to permit the amendment of the motion of J. Samuels & Brother, Inc., by adding thereto the name of Nazaly Avedisian as a joint moving party and refusing to permit Nazaly Avedisian to join in the motion of J. Samuels & Brother, Inc., for a new trial proper?

In dismissing the motion of the defendants for a new trial the Superior Court seems to have based its decision upon the cases of *Bassett* v. *Loewenstein & Hahn*, 22 R. I. 468 and *Winsor* v. *Cook*, 35 R. I. 472, and the decision of this court on the motion for a rehearing in *Bassett* v. *Loewenstein & Hahn*, reported in 48 Atl. 934.

In examining these two cases, and other cases cited therein, some important differences between them and the case at bar may be noted. In *Bassett* v. *Loewenstein* the suit was against copartners and the court held that one of two defendant copartners could not take an appeal. This de-

cision is in accord with the case of *Curry & Richards* v. *Stokes*, 12 R. I. 52, where the court held that one of two plaintiff copartners could not take an appeal. The correctness of these decisions cannot be denied. In the one case it is held suit must be brought, judgment entered against both defendants and execution issued as against both. In the other case judgment must be entered in favor of both plaintiffs and execution must issue accordingly. This is not so in the case at bar as it would have been competent for the jury to have found one of the defendants guilty and the other not guilty, or to have found both guilty or not guilty. If one had been found not guilty he would thereafter have no appealable interest and could neither join or be joined in the appeal. It is true that in *Curry & Richards* v. *Stokes*, *supra*, the court said, "Even one of two defendants cannot, as a matter of course, appeal from a judgment rendered against both of them jointly." As the question before the court in that case related solely to copartners this language amounts to nothing more than a dictum, which is not even positive in its terms but expresses some qualification, the exact nature of which is not clear.

In the case of *Gencarelle* v. *N. Y., N. H. & H. Ry. Co.*, 21 R. I. 216, the plaintiffs, who were husband and wife, voluntarily joined themselves in a suit to recover compensation for services rendered by both of them to the defendant, in the nursing and care of one who had received an injury through the defendant's alleged negligence. After nonsuit the husband alone petitioned for a new trial and the court held that the petition in such case was in the nature of an appeal and must be joint and it also held, the plaintiffs being husband and wife, that the evidence showed that the claim was not joint but several and that under the statute they must each sue alone, referring to Gen. Laws, 1896, R. I., cap. 194, § 16, which provides that, "In all actions, suits and proceedings, whether at law or in equity, by or against a married woman, she shall sue and be sued alone."

It is to be noted that in all of these cases to which we have referred, the motion for a new trial, or the appeal, was filed by one of several plaintiffs or defendants without any action in that regard being taken by the other defendant or defendants and in that respect they differ from the case at bar where each of the defendants has preferred a motion for a new trial.

At the trial of the present case in the Superior Court each of the defendants was represented by personal counsel and the defence of each was conducted independently. Each counsel was entitled to propound to the witnesses such questions as he might see fit and to take such exceptions as in his judgment were best adapted to conserve and protect the interests of his client. In such a trial it cannot be reasonably expected that the two defendants would be equally interested in every portion of the testimony and that in all respects it would bear evenly upon them. Each defendant is entitled to take an exception to the admission or rejection of testimony and to other rulings or to portions of the charge of the court as he may see fit and in so doing he is not dependent upon the coöperation or concurrence of another defendant with whom he has been associated.

If joint tort-feasors were bound to act together in all proceedings, it is easy to see how one defendant might be deprived of substantial rights by the action or nonaction of another. If defendants were compelled to file a joint motion for a new trial and it should appear, as it might, that one defendant had good grounds for a new trial and that the other defendant had not, it would logically follow that such motion should be denied. In 14 Encyc. Pl. & Pr. 871, it is stated that "Motions for a new trial may be made jointly by all the parties plaintiff or defendant. But such practice should be avoided in all cases except where it is clear that the grounds for the motion will be sustained as to all parties joining in the motion." It has been held in several states that when there is a verdict against all of the defendants a motion for a new trial made by the defendants jointly must

be overruled if the verdict was correct as against any one of them. *Scott* v. *Chope*, 33 Neb. 41, 92; *Robertson* v. *Garshwiler*, 81 Ind. 463; *First National Bank* v. *Colter*, 61 Ind. 153; *Miller* v. *Adamson*, 45 Minn. 99.

We think that inasmuch as the practice in this State permits one joint defendant to interpose a separate defense and to take exceptions without the concurrence of the other defendant or defendants, it cannot be said consistently that he should be deprived of an independent opportunity of presenting the questions arising under the exceptions, in which he alone may be interested, without subjecting himself to the danger of losing his rights by joining with other defendants in a motion for a new trial which, according to some of the authorities cited, must be denied if the verdict as to either defendant is justified.

It cannot be denied that in an action brought against several defendants as joint tort-feasors it would be competent for the jury to find all the defendants guilty, or all not guilty, or a part guilty, and the other not guilty. *Terpenning* v. *Gallup*, 8 Iowa 74; *Hayden* v. *Woods*, 16 Neb. 306; *New Mexico & S. P. R. R. Co.* v. *Madden*, 7 N. Mex. 215. In our statute Chapter 298, Section 12, it is provided that "any person or party entitled to except in a cause or proceeding tried by a jury in the superior court may file . . . a motion for a new trial for any reason for which a new trial is usually granted at common-law . . ." We think that under this provision a defendant who has the right, under the practice which obtains in this State, to take an exception for his individual benefit is a person who may file his motion for a new trial and that the language of the statute above quoted is indicative of an intent on the part of the legislature to make some distinction between persons and parties and to afford to litigants an opportunity to proceed in motions for new trials singly or collectively, as the circumstances of the particular case might seem to require. It would be absurd for us to hold that a defendant having the right to an individual exception could not prosecute it, or that having such right he could only prose-

cute it in connection with another defendant perhaps having no interest therein.

In the case of *State* v. *Brown et al.*, 40 R. I. 527, Brown, Spellman and Healis were jointly indicted for murder and Elizabeth F. Mohr was also indicted with said defendants as accessory before the fact.   Healis pleaded nolo and sentence was deferred.   The defendants Brown and Spellman were found guilty and filed separate bills of exceptions.   Mrs. Mohr was acquitted.   Each of the parties was represented by separate counsel.   The counsel for Mrs. Mohr did not appear for or represent the other defendants and the defenses of the several defendants were separate and not joint. The defendant Mrs. Mohr, filed a motion to quash the indictment on the ground that the statute under which she was indicted was unconstitutional.   This motion was denied. She later moved that the constitutional question be certified to the Supreme Court and that motion was also denied. The other defendants made no attempt in the Superior Court to raise a constitutional question.   Mrs. Mohr, having been found not guilty, had no further interest in the matter. The defendants Brown and Spellman, in their respective bills of exceptions sought to avail themselves of the exception taken by Mrs. Mohr to the ruling of the Superior Court upon her motions relating to the constitutional question.   Upon that question this court said:   "It is quite obvious   .   .   . that if these defendants here were 'aggrieved' by the ruling or decision of the superior court in denying Mrs. Mohr's motion to certify constitutional questions to this court, they should have taken exception thereto in the superior court.   It cannot be held, as contended on behalf of these defendants, that because these defendants and Mrs. Mohr were tried together under one indictment, each of these defendants should be able to avail himself of exceptions taken solely on behalf of Mrs. Mohr at a preliminary hearing on a question which, so far as the record discloses, solely interested Mrs. Mohr, in which they were not interested, and in which they took no part.   If the position here taken by these defendants

were tenable, it would result that, although all the defendants were separately defended, each by his own counsel, and made different and distinct defenses, counsel for each defendant should be deemed, for the purposes of subsequent procedure after trial, in the prosecution of exceptions, to have been the agents and representatives of each of the other defendants, although they had not been appointed or selected for such purpose. We think the language of the statute plainly intends that the defendant, seeking to avail himself in this court of exceptions taken in the superior court, must have taken the exceptions there on his own behalf. If these defendants had desired to raise the same constitutional questions in the superior court as were raised on behalf of Mrs. Mohr, they could have done so, just as they did raise other questions which were not raised by Mrs. Mohr, and as to which they are now prosecuting their exceptions."

This court also held that the trial court was in error in disallowing two of the individual exceptions of the defendant Spellman.

The case of *State* v. *Brown et al.* presents substantially the same question which is presented in the case at bar, although approached and discussed inversely, and it upholds the proposition that a defendant joined with others appearing by his own counsel and making his own defense is entitled to the benefit of his own exceptions, but cannot profit by the exceptions of other defendants in which he has not primarily participated.

We think that the Superior Court should have heard and determined the defendants' motions for a new trial and the record of that court so far as it relates to the dismissal of such motions is therefore quashed.

Having reached this conclusion it follows that the motions to amend the original motions for a new trial were entirely unnecessary and were properly denied.

The record in the case is remitted to the Superior Court.

*Mumford, Huddy & Emerson,* for J. Samuels & Bro. Inc.

*John J. A. Cooney,* for Nazaly Avedisian.

*George R. Macleod,* for respondent.