MORGAN v. HINES, Director General of Railroads, et al.

(District Court, E. D. Oklahoma. September 20, 1919.)

No. 3123.

REMOVAL OF CAUSES &wkey;49(3)—JOINT ACTION FOR TORT NOT A SEPARABLE CONTROVERSY.

Where the petition alleges that plaintiff's husband, while riding in an automobile, was killed at a railroad crossing through the concurrent negligence of the railroad company and the driver of the automobile, a joint action for the death may be maintained against them, and in such action there is no separable controversy which entitles the railroad company, a nonresident, to remove the cause.

At Law. Action by Fannie A. Morgan against Walker D. Hines, Director General of Railroads, and others. On motion to remand to state court. Motion granted.

L. P. Kay and E. K. Robinett, both of Tulsa, Okl., and Roy F. Ford, of Oklahoma City, Okl., for movants.

C. O. Blake and R. J. Roberts, both of El Reno, Okl., contra.

WILLIAMS, District Judge. This action was brought in the district court of Pittsburg county, Okl., by the plaintiff, for herself and others as surviving widow and children of Louis K. Morgan, deceased, who was killed in a crossing accident. Under the allegations of plaintiff's petition, the defendant Carroll Johnson, the owner and driver of an automobile, with the plaintiff's intestate as a passenger therein, negligently drove same in front of the defendant railroad's train, as it was passing over a certain crossing. Long prior thereto defendant's railroad track immediately adjacent to each side of said crossing was located and maintained in a cut some 8 or 10 feet deep, below the general surface of the surrounding country. On its banks were then growing weeds more than 10 feet in height, on account of which persons traveling on the highway over said crossing were unable to see trains from the direction from which the train approached which struck said automobile, occasioning intestate's death. By the proper exercise of care by either the railway company's employés or the said Carroll Johnson said accident would not have occurred; said accident being caused by the concurrent and commingled negligence of both of said defendants. Said actions should not be remanded, unless a separable controversy is presented.

In Chicago, Rock Island & Pacific Railroad Co. v. Durand, 65 Kan. 380, 69 Pac. 356, it was held that the driver of a hack carrying passengers, who negligently drives in front of an approaching train of cars at a street crossing, may be joined with the railroad company as a defendant for injuries received by their concurring negligence.

In Sternfels v. Metropolitan Street Railway Co., 73 App. Div. 494, 77 N. Y. Supp. 309, which was affirmed by the Court of Appeals in a memorandum opinion (174 N. Y. 512, 66 N. E. 1117), the court said:

"Where a passenger was killed in a collision between a street car and a brewery wagon, caused by the concurrent negligence of both, a joint cause of

action could be maintained against the street railroad company and the brewery company, notwithstanding the different degrees of care owed deceased by the two defendants."

See, also, Colegrove v. N. Y. & N. H. R. Co., 20 N. Y. 492, 75 Am. Dec. 418.

In Abb v. N. P. Ry. Co., 28 Wash. 428, 68 Pac. 954, 58 L. R. A. 293, 92 Am. St. Rep. 864, the plaintiff, a passenger on a street car, sustained injury in a collision between the car, on which he was a passenger, and the defendant railroad's train. The two companies were held to be joint tort-feasors.

In Field v. Spokane, Portland, etc., R. Co., 64 Wash. 445, 117 Pac. 228, it was held that the negligence of a stage driver, in failing to stop, look, and listen at a railroad crossing, and that of the engineer of the railroad company, who failed to give a signal of the train's approach, was joint and concurrent.

In Matthews v. Delaware, L. & W. R. Co., 56 N. J. Law, 34, 27 Atl. 919, 22 L. R. A. 261, plaintiff was injured by a collision between a locomotive of the defendant railroad company and a car (in which he was a passenger) of a street railway company. Held, that a joint action could be maintained against both companies, if the collision was produced by the neglect of the railroad company to give notice of the approach of the locomotive, concurrent with the neglect of the street railway company to observe proper care in crossing the railroad track. In the opinion it is said:

"If two or more persons owe to another the same duty, and by their common neglect of that duty he is injured, doubtless the tort is joint, and upon well-settled principles each, any, or all of the tort-feasors may be held. But when each of two or more persons owe to another a separate duty, which each wrongfully neglects to perform, then, although the duties were diverse and disconnected, and the negligence of each was without concert, if such several neglects concurred and united together in causing injury, the tort is equally joint, and the tort-feasors are subject to a like liability."

In Tompkins v. Clay Street Hill R. Co. et al., 66 Cal. 163, 4 Pac. 1165, a car of the Clay Street Hill Company collided at a crossing with a car of the Sutter Street Railroad Company. Plaintiff, a passenger in the car of the latter company, was thrown from her seat and injured. The complaint charges negligence on the part of both companies. Plaintiff recovered damages, and on appeal the judgment was affirmed. Held that, if the negligence of the managers of both vehicles contributed to the injury, the party injured may recover from the proprietors jointly or severally.

In Central Passenger Ry. Co. v. Kuhn, 86 Ky. 578, 6 S. W. 441, 9 Am. St. Rep. 309, Kuhn, in an action against the Central Passenger Railway Company, a passenger on the cars of said railroad company was injured by being thrown out of such car by reason of a collision between the cars of that company and those of the Louisville & Nashville Railroad Company, caused by the joint negligence of the employés of each company. The question of negligence being submitted to the jury, the finding was that the injury was caused by the concurrent negligence of both companies, which judgment, on appeal, was affirmed.

In Cuddy v. Horn, 46 Mich. 596, 10 N. W. 32, 41 Am. Rep. 179, it was held:

"A passenger on a public steamboat, injured by its collision with another, in consequence of the negligence of the officers of both, may hold both owners liable."

In Carterville v. Cook, 129 Ill. 152, 22 N. E. 14, 4 L. R. A. 721, 16 Am. St. Rep. 248:

"The evidence given upon the trial tended to prove that the plaintiff, a boy some 15 years of age, while in the observance of ordinary care for his own safety, passing along a much-used public sidewalk of the defendant, was, by reason of the inadvertent or negligent shoving by one boy of another boy against him, jostled or pushed from the sidewalk at a point where it was elevated some 6 feet above the ground, and was unprotected by railing or other guard, and thereby seriously injured in one of his limbs."

In the opinion the court said:

"It is not perceived how, upon principle, the intervention of the negligent act of a third person, over whom neither the plaintiff nor the defendant has any control, can be different in its effect or consequence in such case from the intervention therein of an accident having a like effect. The former no more than the latter breaks the causal connection of the negligence of the city or village with the injury. The injured party can no more anticipate and guard against the one than the other, and, the elements which constitute the negligence of the city or village must be precisely the same in each case, and we have accordingly held that, when a party is injured by the concurring negligence of two different parties, each and both are liable, and they may be sued jointly or separately."

In Holzab v. New Orleans & C. R. Co., 38 La. Ann. 185, 58 Am. Rep. 177, plaintiff sued to recover damages for injury to his wife, caused by a collision of the trains of the New Orleans & Carollton Railroad Company and the Illinois Central Railroad Company, both being made codefendants. The collision and injury was occasioned at a crossing. On appeal a judgment against both defendants was affirmed.

In McDonald v. Louisville & C. R. Co., 47 La. Ann. 1440, 17 South. 873, it was held that a collision of railroad trains brought about by the concurrent negligence of the two companies would render them jointly liable.

In Stone v. Dickinson, 87 Mass. (5 Allen) 29, it was held:

"If several different creditors, acting separately, without concert, and without knowing that they were employing a common agent, have wrongfully caused their debtor to be arrested on their several writs, by the same officer, who served the writs simultaneously, and by virtue thereof committed the debtor to jail, where he was confined upon all of them at the same time, they are to be regarded as joint trespassers, and full satisfaction received by the debtor from one of them in a bar to an action by him against the others."

In Northup et al. v. Eakes et al. (Okl.) 178 Pac. 266, the following excerpt from 38 Cyc. 488, is quoted with approval:

"Where, although concert is lacking, the separate and independent acts or negligence of several combine to produce directly a single injury, each is responsible for the entire result, even though his act or neglect alone might not have caused it. It has been said that 'to make tort-feasors liable jointly there must be some sort of community in the wrongdoing, and the injury must

be in some way due to their joint work, but it is not necessary that they be acting together and in concert, if their concurring negligence occasions the injury.'"

See, also, St. Louis & S. F. R. Co. v. Bell, 58 Okl. 84, 159 Pac. 336, L. R. A. 1917A, 543.

The general rule, as stated in 29 Cyc. 565, is as follows:

"Where the injury is the result of the concurring negligence of two or more parties, they may be sued jointly or severally. All may be sued jointly, not-withstanding different degrees of care may be owed by the different defendants. Where, however, there is no joint duty or concert of action between two or more negligent persons, they cannot be joined; but they may be joined where there is a joint duty, although without concert of action."

This rule prevails, save in a few jurisdictions, where the rule of imputed negligence originally declared in Thorogood v. Bryan, 8 C. B. 115, obtains. However, this case appears to have been overruled in England (The Bernina, L. R. 12 P. D. 58), never to have been followed in Scotland, and to have taken foothold in only a few states in this country. The Supreme Court of the United States expressly rejected the same. Little v. Hackett, 116 U. S. 366, 6 Sup. Ct. 391, 29 L. Ed. 652. See, also, Union Pacific Ry. Co. v. Lapsley, 51 Fed. 174, 2 C. C. A. 149, 16 L. R. A. 800. In footnotes in 36 L. R. A. 597, and Corley v. A., T. & S. F. Ry. Co., Ann. Cas. 1915B, 767, the holdings of the various jurisdictions are traced in minute detail.

In Beckwith et ux. v. Chicago, M. & St. P. Ry. Co. (D. C.) 223 Fed. 859, plaintiff's intestate was a passenger in an automobile operated by two of the defendants, which was struck by the engine of the defendant railroad company, upon which the other defendant was injured. Held, that the facts sufficiently charged joint and concurrent negligence on the part of the several defendants, so as to prevent a removal of the action by the railway company on the ground that a separable controversy was involved.

In Chesapeake & Ohio Ry. Co. v. Dixon, 179 U. S. 131, at page 137, 21 Sup. Ct. 67, 70 (45 L. Ed. 121), it is said:

"The federal court will follow the state rule as to whether a cause of action is entire."

An order will be entered, sustaining the motion to remand.