## CONNOLLY v. STANDARD OIL CO. OF NEW YORK et al.

(District Court, D. Rhode Island. April 16, 1920.)

Nos. 1368, 1369.

**1. Courts ☞365—Question of joint liability governed by state law.**

On a motion to remand, the question whether plaintiff's declaration states a joint liability of the defendants is governed by the state law.

**2. Removal of causes ☞61—Declaration alleging doubt as to which defendant was liable did not allege joint tort.**

In an action for depositing in public water substances injurious to shellfish, a declaration alleging that defendants were joined because plaintiff was in doubt as to which of them was guilty of the tortious act causing the injury did not allege a joint tort, so as to prevent removal, as Gen. Laws R. I. 1909, c. 283, § 20, permitting plaintiff to join two or more defendants when he is in doubt as to the person from whom he is entitled to recover, does not obviate the rule that the declaration must conform to the rules of correct pleading against joint defendants.

**3. Fish ☞7(3)—Persons committing separate acts causing injury to oyster beds not joint tort-feasors.**

Persons committing separate violations of Laws R. I. 1909-10, c. 577, § 1, prohibiting the depositing in public waters of substances injurious to shellfish are not joint tort-feasors under the rule followed in Rhode Island, though their violations concurred in producing injury to plaintiff's oyster beds.

At Law. Two actions by Thomas H. Connolly against the Standard Oil Company of New York and others. On plaintiff's motions to remand. Motions denied.

Daniel H. Morrissey, of Providence, R. I., for plaintiff.

Lee, Boss & McCanna and Frank Healy, all of Providence, R. I., for defendants.

BROWN, District Judge. [1] Whether the plaintiff's declaration states a joint liability of the defendants is a question of the law of the state. Chicago, Rock Island & Pacific R. R. Co. v. Whiteaker, 239 U. S. 421, 424, 36 Sup. Ct. 152, 60 L. Ed. 360; Hough v. Societe Elec-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

trique (D. C.) 232 Fed. 635; Ches. & Ohio Ry. v. Cockrell, 232 U. S. 146, 152, 153, 34 Sup. Ct. 278, 58 L. Ed. 544.

The decision of the Supreme Court of Rhode Island in Besharian v. R. I. Co., 41 R. I. 94, 102 Atl. 807, holds that section 20, c. 283, General Laws of R. I. "is not intended for the relief of one who is in doubt as to which of a number of acts, each committed by different persons, and each alleged to be unlawful, has caused the injury for which he wishes to complain."

The declaration charges each of the defendants with a violation of section 1 of chapter 577, Public Laws of R. I. (April 29, 1910), which prohibits the depositing in public waters of the state of substances injurious to shellfish. Section 2 makes a violation of the act a misdemeanor, punishable by fine. Section 3 provides for a civil action for double the amount of damages caused by such violation. The declaration is based upon section 3.

[2, 3] The plaintiff's allegations that he joins the defendants because he is in doubt as to "which or how many of the defendants * * * is or are guilty of the tortious act which has caused an injury to said plaintiff," do not allege a joint tort, but, on the contrary, indicate that he does not know that his oysters were injured by a joint tort. The statute upon which the plaintiff relies to justify the joinder does not obviate the rule that the declaration "must conform to the rules of correct pleading against joint defendants." Besharian v. R. I. Co., 41 R. I. at page 97, 102 Atl. 807. Even were it alleged that separate violations of section 1 of chapter 577 by each of these defendants concurred in producing injury to plaintiff's oyster beds, this, according to my understanding of the decisions of the state court, would not render the defendants joint tort-feasors.

The Rhode Island Supreme Court in the Besharian Case adhered to the rule stated in Mason v. Copeland, 27 R. I. 232, 61 Atl. 650:

"That to constitute a joint tort there must be the concurrence of intention on the part of the defendants to commit the act which is alleged to be unlawful and tortious."

And:

"The mere unintentional concurrence of the acts of two distinct parties resulting in damage to the plaintiff does not give him an action against the parties jointly, but a separate action against each of them."

While this rule seems to be contrary to the weight of authority (see cases cited in Morgan v. Hines [D. C.] 260 Fed. 585), and is contrary to the views of this court as expressed in Kilkenney v. Bockius (C. C.) 187 Fed. 382, the Rhode Island court, probably with full knowledge of the decision of this court, preferred to adhere to its former decisions.

Under the law of Rhode Island, which must control, the plaintiff has not declared jointly against the defendants.

Plaintiff's motions to remand, therefore, must be denied.